**IN THE MIDDLE DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | | |
|---|---|---|
| MARK GRAMS, | ) | |
| An individual Alabama citizen, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | **Civil Action No.:** |
| | **)** | **3:23-CV-00299-SMD** |
| v. | ) | |
| | ) | |
| TREIS BLOCKCHAIN, LLC, | ) | |
| CHAIN ENTERPRISES, LLC, | ) | |
| CEVON TECHNOLOGIES, LLC, | ) | |
| STRONGHOLD DIGITAL MINING, | ) | |
| LLC, DAVID PENCE, MICHAEL | ) | |
| BOLICK, SENTER SMITH, | ) | |
| BRIAN LAMBRETTI, AND | ) | |
| JOHN CHAIN, | ) | |
| | ) | |
| Defendants. | | |

## DEFENDANT STRONGHOLD DIGITAL MINING, LLC'S MOTION TO DISMISS

## THE COMPLAINT

COMES NOW, Defendant Stronghold Digital Mining, LLC, by and through

counsel, and moves to dismiss the Complaint. In support thereof, Defendant

shows unto the Court as follows:

## NATURE AND STAGE OF THE PROCEEDINGS

On May 4, 2023, Plaintiff Mark Grams ("Plaintiff") filed a civil action against

Treis Blockchain, LLC ("Treis"), Chain Enterprises, LLC ("CEL"), Cevon

Technologies, LLC ("Cevon"), Stronghold Digital Mining, LLC ("Stronghold"), David

Pence ("Pence"), Michael Bolick ("Bolick"), Senter Smith ("Smith"), Brian Lambretti ("Lamberti"),[1] and John Chain ("Chain") in the Middle District of Alabama, Eastern Division, Civil Action No.: 3:23-CV-00299-SMD. Plaintiff asserts thirteen causes of action in his Complaint, and four of those causes of action are directed at or include Defendant Stronghold. Pursuant to this Motion, Defendant Stronghold respectfully requests that this Court dismiss Plaintiff's Complaint against Stronghold: (I) for lack of personal jurisdiction pursuant to Fed R. Civ. P. 12(b)(2); (II) for improper venue; and, (III) for failure to state a claim under Rule 12(b)(6) as to Count 3 (Misappropriation of Trade Secrets), Count 5 (Conspiracy to Commit Theft of Trade Secrets), Count 6 (RICO), and Count 7 (Unjust Enrichment).

## <u>SUMMARY OF ARGUMENT</u>

First, Plaintiff's Complaint is due to be dismissed pursuant to Rule 12(b)(2) for lack of personal jurisdiction against Stronghold. As a threshold matter, while the Complaint alleges a RICO violation, it fails to allege RICO as a basis for personal jurisdiction against Stronghold. Nevertheless, Plaintiff has failed to allege a RICO claim and therefore cannot invoke RICO's nationwide service of process provision to establish jurisdiction over Stronghold. For the purposes of dismissal pursuant to Rule 12(b)(2), this Motion addresses RICO as a potential basis for personal jurisdiction first.

---

[1] Plaintiff incorrectly spells Lamberti's name as "Lambretti."

This Motion addresses Alabama's long arm statute next: Stronghold neither has continuous or systematic contacts with Alabama, nor minimum contacts with Alabama, as required under Alabama's long arm statute. Because Plaintiff cannot rely on RICO's nationwide service of process to establish personal jurisdiction, and there is no basis for general or specific personal jurisdiction against Stronghold under Alabama's long arm statute, this case is due to be dismissed as to Stronghold.

Second, Plaintiff's Complaint is due to be dismissed pursuant to Rule 12(b)(3) for improper venue because no substantial part of the events giving rise to Plaintiff's claims occurred either in this District, or indeed, anywhere in the State of Alabama. The doctrine of *forum non conveniens* provides an additional basis of dismissal, as the private interest factors related to the Defendants and non-party witnesses support dismissal.

Even if the Court does not dismiss this case under Rule 12(b)(2), 12(b)(3), or under the doctrine of *forum non conveniens*, the following Counts are due to be dismissed for failure to state a claim under Rule 12(b6). Count 3 (Misappropriation of Trade Secrets) should be dismissed because Plaintiff fails to adequately plead he took reasonable measures to keep WAO2 secret and fails to sufficiently allege misappropriation of WAO2. Count 5 (Conspiracy to Commit Theft of Trade Secrets) should be dismissed because no private cause of action exists under 18 U.S.C. § 1832, a criminal statute. Count 6 (RICO) should be dismissed because Plaintiff failed to plead with particularity a violation of RICO. Finally, Count 7 (Unjust

Enrichment) should be dismissed because it is preempted by the Alabama Trade Secrets Act, Ala. Code § 8-27-1 et seq. For the reasons set forth below, Stronghold respectfully requests this Court grant its motion.

## STATEMENT OF ALLEGED FACTS

Plaintiff alleges the following facts in his Complaint: Plaintiff pioneered firmware, WAO, which optimized the cryptocurrency mining industry. (Compl. ¶ 46). Chain asked to help Plaintiff monetize WAO, and began negotiations with Asic.World. (Compl. ¶¶ 48, 54). Chain, however, failed to protect the secrecy of WAO, and Asic.World stole WAO. (Compl. ¶ 55). Plaintiff then designed a second version, WAO2. (Compl. ¶ 61). Chain had also been negotiating with Treis to install WAO on its Whatsminers to test WAO's efficacy. After learning WAO had been stolen, they agreed to pay a Developer Fee to install and use WAO2. (Compl. ¶¶ 63-64, 122(b), 123). Throughout 2020, Plaintiff worked on customizing WAO2 for Treis, and in the summer of 2020, Treis started the testing phase of WAO2. (Compl. ¶¶ 66, 81). When Treis encountered a physical problem with the use of WAO2, Plaintiff developed a solution and shared the design for the solution with Treis's metal sheet fabricator. (Compl. ¶¶ 95-98).

When firmware is in its testing phase, it cannot be encrypted. (Compl. ¶ 103). Plaintiff primarily worked from his "heavily-secured personal site in Alabama," and kept all copies of WAO2 on "password-protected devices, with a camera system recording all access, on private property." (Compl. ¶¶ 100, 105). Treis's machines using WAO2 were in Pennsylvania and South Carolina. (Compl. ¶ 101).

Plaintiff insisted and Treis agreed to use "password protected, locked and otherwise secured" devices. (Compl. ¶ 104). Plaintiff "requested" Treis install security cameras at all entry points. (Compl. ¶ 106).

By April 2021, Treis "knew that Chain had never owned WAO or WAO2 and that [Plaintiff] was the developer and sole owner." (Compl. ¶¶ 73-74, 80). In September 2021, more than a year after Treis began their testing phase of WAO2, Plaintiff traveled to the Scrubgrass Power Plant in Pennsylvania and discovered there was "no security whatsoever safeguarding the firmware." (Compl. ¶¶ 66, 107-108). Plaintiff "accepted [Treis's] confirmations the security issues would be immediately remedied." (Compl. ¶ 112). In January 2022, Plaintiff's access was blocked to most of the machines, but he continued to work on the machines he could access. (Compl. ¶¶ 128-131). "In reality, Treis was in undisclosed negotiations with Defendant Stronghold to sell Whatsminers with WAO2 installed, even though Treis had no ownership or licensing rights to do so." (Compl. ¶ 121). Plaintiff subsequently learned Treis had sold the machines to Stronghold without removing WAO2. (Compl. ¶ 138). "It was clear Stronghold was using WAO2," and "[i]t was also clear Treis had implicly[sic] or explicitly led Stronghold to believe it had the right to use the machines with WAO2." (Compl. ¶¶ 139-140). "On information and belief, Stronghold mined substantial cryptocurrency using WAO2 even after they learned it had been misappropriated." (Compl. ¶ 146). "On information and belief, Stronghold blocked [Plaintiff's] Dev Fee owed for the currency mined" and "refused to reimburse [Plaintiff] for the Dev Fees they blocked

or to otherwise compensate him for their use of his intellectual property." (Compl. ¶¶ 147-148).

## **ARGUMENT**

### I. **Plaintiff's Complaint is Due to be Dismissed Because This Court Lacks Personal Jurisdiction Against Stronghold**

"As a general rule, courts should address issues relating to personal jurisdiction before reaching the merits of a plaintiff's claims. A defendant that is not subject to the jurisdiction of the court cannot be bound by its rulings." *Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 940 (11th Cir. 1997) (citations omitted). "In analyzing a motion to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), we first determine whether the applicable statute potentially confers jurisdiction over the defendant, and then determine whether the exercise of jurisdiction comports with due process.*" Id.* at 942. Fed. R. Civ. P. 4(k)(1)(C) establishes personal jurisdiction "when authorized by a federal statute."

Here, the Complaint is silent as to the basis of personal jurisdiction over Stronghold. However, to the extent RICO applies in the Court's personal jurisdiction analysis, RICO's nationwide service of process provision is unavailable to Plaintiff to establish personal jurisdiction over Stronghold because, as discussed below, Plaintiff fails to adequately allege a RICO violation.

Accordingly, as discussed below, there is no basis for personal jurisdiction under RICO and because Stronghold lacks the requisite contacts, there is no other basis to establish personal jurisdiction over Stronghold under Alabama law.

### A. Plaintiff cannot invoke RICO's nationwide service provision to establish personal jurisdiction over Stronghold because Plaintiff fails to adequately allege a RICO violation.

"Section 1965(d) [RICO] can serve as 'the statutory basis for personal jurisdiction." *In re Takata Airbag Prods. Liab. Litig.,* 396 F. Supp. 3d 1101, 1143 (S.D. Fla. 2019). However, a plaintiff cannot invoke RICO's nationwide service provision if the RICO claim is "wholly immaterial or insubstantial". *Republic of Panama,* 119 F.3d at 941. A claim is "wholly insubstantial" where a plaintiff "fail[s] to state their RICO claims with the requisite specificity." *James v. Hunt*, 761 Fed. App'x 975, 980 (11th Cir. 2018).[2] In *James,* the 11th Circuit determined that the district court did not err in granting the defendant's motion to dismiss for lack of personal jurisdiction: "[t]he Plaintiffs could not rely upon § 1965(d) of the RICO statute to establish jurisdiction over [defendant] because their asserted RICO claim against her is [...] wholly insubstantial, where they failed to state their RICO claims with the requisite specificity." *Id.* (internal citations omitted).  Plaintiff's RICO claim against Stronghold is likewise wholly insubstantial because he failed to state his RICO claim with the requisite specificity. As such, Plaintiff is unable to invoke RICO's nationwide service of process provision to establish jurisdiction over Stronghold.

---

[2]Fed. R. App. P. 32.1(a) (permitting citations of unpublished opinions issued on or after January 1, 2007).

Count 6 of Plaintiff's Complaint alleges violation of RICO "pursuant to 18 U.S.C. 1964 and 18 U.S.C. 1962(c)" against all Defendants. "A RICO claim . . is not a 'typical' civil claim that may be sufficiently pled by following Rule 8." *Cruz v. Cinram International, Inc*., 574 F. Supp. 2d 1227, 1230 (N.D. Ala. 2008). Rather, RICO claims based on the predicate act of fraud must satisfy the heightened pleading standard imposed by Fed. Rule Civ. P. 9(b). *Ambrosia Coal & Const. Co. v. Pages Morales*, 482 F.3d 1309, 1316 (11th Cir. 2007). Similarly, RICO predicate acts not sounding in fraud must also be pleaded with particularity where "*the same misrepresentation forms the basis of both the fraud and non-fraud claim*." *Cruz,* 574 F. Supp. 2d at 1232. (*quoting Liquidation Com'n of Banco Intercontinental, S.A. v. Renta*, 530 F.3d 1339, 1355-56 (11th Cir. 2008)) (emphasis in original). "RICO complaints must allege: (1) the precise statements, documents, or misrepresentations made; (2) the time and place of and person responsible for the statement; (3) the content and manner in which the statements misled the Plaintiffs; and (4) what the Defendants gained by the alleged fraud." *Ambrosia*, 482 F. 3d at 1316 (*citing Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1380-81 (11th Cir. 1997)). In *Brooks*, the 11th Circuit determined a RICO claim "did not meet the Rule 9(b) particularity standard 'because it was devoid of specific allegations with respect to each defendant; the plaintiffs lumped together all of the defendants in their allegations of fraud. . . . [I]n a case involving multiple defendants . . . the complaint should inform each defendant of the nature of his alleged participation in the fraud.'" *Id.* (*quoting Brooks*, 116 F.3d at 1381). *See also Garfield*

*v. NDC Health Corp.*, 466 F.3d 1255, 1262 (11th Cir. 2006) (Rule 9(b) means alleging "the who, what, when, where, and how"). Claims under RICO "must be subjected to scrutiny due to their potential for abuse by civil litigants." *DePaola v. Nissan North America, Inc.*, 2006 WL 1181311, at *12 (M.D. Ala. May 2, 2006) (citations omitted) (dismissing RICO claims for failure "to answer the who, when, where, how, and why with sufficient specificity as to the RICO claims alleged against twenty-two defendants").

Here, Plaintiff's RICO claim is "devoid of specific allegations with respect to each defendant," and does not meet the requisite specificity of Rule 9(b). *See Ambrosia*, 482 F.3d at 1316-17. Plaintiff's RICO claim is asserted against all nine Defendants and only contains the following conclusory allegations:

199.    Plaintiff incorporates and realleges paragraphs 18 through 159 as if the same were set forth fully herein.

200.    Plaintiff brings this claim against all Defendants.

201.    Defendants are associated as an enterprise.

202.    Defendants' activities affect interstate and foreign commerce.

204.    Defendants have conducted their affairs through a pattern of racketeering activity.

     a.    Defendants have misappropriated Plaintiff's trade secrets.
     b.    All Defendants have used Plaintiff's trade secret without the right to such use;
     c.    Defendant Treis and its Managing Directors defrauded Plaintiff.

205.    Plaintiff suffered damages as set forth herein or otherwise.

(Compl. ¶¶ 199-205) (¶ 203 is missing in the Complaint). Plaintiff's allegations are all based on the alleged use and selling of WAO2 to Stronghold without authorization. Plaintiff's conclusory allegations of misappropriation, use and fraud fail to answer the "who, what, when, where and how" with sufficient specificity to state a RICO claim. Instead, in shotgun pleading, Plaintiff merely refers to allegations in 142 paragraphs previously set forth in his Complaint, which involve nine defendants and various third parties. *See Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1125 (11th Cir. 2014) (shotgun pleading, where each count adopts allegations of all preceding counts, thus rendering it virtually impossible to know which allegations of fact are intended to support which claims for relief).

Plaintiff's RICO claim does not mention Stronghold in the fraud allegation (Compl. ¶ 204c) and fails to inform Stronghold of the nature or extent of its alleged participation in the alleged enterprise, misappropriation, or use. *See Ambrosia*, 482 F. 3d at 1316; *Birmingham v. Doe*, 2022 WL 18134962 (S.D. Fla. Dec. 6, 2022), *adopted*, 2023 WL 112308 (S.D. Fla. Jan. 5, 2023) (where Plaintiffs merely resort to reciting relevant statutory language when discussing actual claims, the Court is unwilling to parse through every allegation to speculate which events and actions Plaintiffs believe support which elements and why). Plaintiff's RICO claim is therefore "wholly insubstantial." Without a RICO claim, Plaintiff cannot invoke RICO's nationwide service of process provision against Stronghold to establish jurisdiction and, as discussed below, there is no other basis to establish personal

jurisdiction in Alabama over Stronghold. His Complaint should therefore be dismissed pursuant to Fed. R. Civ. P. 12(b)(2).

### B. There is no basis for either general or specific jurisdiction over Stronghold.

Without the availability of the RICO service of process provision, Plaintiff's Complaint should also be dismissed pursuant to Fed. R. Civ. P. 12(b)(2) because there is no other basis for personal jurisdiction over Stronghold in Alabama. When considering a motion to dismiss for lack of personal jurisdiction, "[t]he court must construe the allegations in the complaint as true, to the extent they are uncontroverted by [the] defendant's affidavits or deposition testimony." *Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11th Cir. 1988). A personal jurisdiction challenge in federal court generally requires a two-part analysis: (1) the court must first determine its jurisdiction under the forum state's long-arm statute; and, (2) it must decide whether exercising jurisdiction comports with principles of constitutional due process. *Id.* at 492, fn. 3. However, because the limits of Alabama's long-arm jurisdiction (Ala. R. Civ. P. 4.2(b)) are coextensive with constitutional due process requirements, only one analysis is necessary. *See Sloss Indus. Corp. v. Eurisol*, 488 F.3d 922, 925 (11th Cir. 2007) (*citing* Ala. R. Civ. P. 4.2(b)) (stating that Alabama's long-arm statute (Ala. R. Civ. P. 4.2(a)(2)) permits state and federal courts in Alabama to exercise personal jurisdiction "to the fullest extent constitutionally permissible")), and *Slocumb Law Firm, LLC v. Trollinger*, 2015 U.S. Dist. LEXIS 103547, at *5 (M.D. Ala. Aug. 7, 2015) (stating that the limits of

Alabama's long-arm jurisdiction are coextensive with constitutional due process requirements). Accordingly, due process requires that (1) a defendant have "minimum contacts" with the forum state and that (2) a court's exercise of jurisdiction conform to "traditional notions of fair play and substantial justice." *Burnham v. Superior Ct. of Cal.*, 495 U.S. 604, 618 (1990).

When determining whether a Defendant's "minimum contacts" support personal jurisdiction in the forum, a court must consider the distinction between general and specific jurisdiction. *Slocumb,* 2015 U.S. Dist. LEXIS 103547, at *5.* A Court may exercise "general jurisdiction" over a defendant when the defendant's continuous and systematic contacts with the forum state are unrelated to the suit, while "specific jurisdiction" arises from the defendant's sporadic or limited contacts with the forum state at issue in the Complaint. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-15 nn.8-9 (1984).

It is Plaintiff's burden to establish "that personal jurisdiction is present." *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1217 (11th Cir. 2009). Because Plaintiff cannot establish either general or specific jurisdiction over Stronghold, as discussed below, this Court should dismiss this action against Stronghold for lack of personal jurisdiction pursuant to Rule 12(b)(2).

### 1.    Stronghold is not "at home" in Alabama; therefore, no general jurisdiction exists.

General jurisdiction allows a court to exercise jurisdiction over a defendant only where the defendant maintains "continuous and systematic contacts" with the

forum state. *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014). To establish general jurisdiction, the plaintiff must demonstrate that the defendant's contacts are "so constant and pervasive 'as to render [it] essentially at home in the forum State.'" *Id*. at 122 (*quoting Goodyear Dunlop Tires Operations, S.A. v. Brown,* 564 U.S. 915, 919 (2011)). As a result, "only a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction." *Daimler*, 571 U.S. at 137. For a corporation, the "paradig[m]. . .bases for jurisdiction" are "the place of incorporation and principal place of business," because they are "unique," "easily ascertainable," and "afford plaintiffs recourse to at least one clear and certain forum in which a corporate defendant may be sued on any and all claims." *Id*. (quotations omitted).

Stronghold is not "at home" in Alabama under the general jurisdiction analysis.  The entity is a Delaware Limited Liability Company, headquartered in Kennerdell, Pennsylvania (Compl. ¶ 10), whose principal place of business is Pennsylvania. (Affidavit of Matthew Smith ¶ 6, attached hereto as Exhibit A). Stronghold is a bitcoin mining operation which operates two power facilities, the Scrubgrass Plant in Venango County, Pennsylvania, and the Panther Creek Plant in Carbon County, Pennsylvania. (Smith Aff, ¶ 5). Therefore, Stronghold is not "at home" in Alabama. Moreover, Plaintiff alleges no facts to even suggest that Stronghold has any connections between itself and Alabama. This is likely because Stronghold does not have an office or branch in Alabama, has not done business in Alabama, does not have an Alabama bank account, does not have real or

personal property in Alabama, and has not been involved in any prior litigation in Alabama or availed itself of the Alabama courts. (Smith Aff¶¶ 7-11). Stronghold's buildings and physical equipment are all located in Pennsylvania and New York, not Alabama. (Compl. ¶ 101). Rather, Plaintiff merely alleges that "all Defendants are subject to this Court's personal jurisdiction." (Compl. ¶ 17.)

Further, a court outside of the defendant's "home" states can only exercise general jurisdiction in rare circumstances. *Daimler*, 571 U.S. at 139 n.19; *see*, *e.g.,* *Perkins v. Benguuet Consol. Mining Co.*, 342 U.S. 437 (1952) (holding that foreign defendant was subject to general jurisdiction in Ohio because the company's president temporarily relocated there, making Ohio the company's principal place of business). But this is not such an exceptional case—Plaintiff has not plead any facts suggesting that Stronghold has any contacts with Alabama, let alone contacts that are so substantial that Stronghold is essentially at home in the forum. Therefore, this Court cannot exercise general jurisdiction over Stronghold.

### 2.    Stronghold lacks minimum contacts in Alabama; therefore, no specific jurisdiction exists.

In a case premised on specific jurisdiction, a "defendant's contacts with the forum state must satisfy three criteria: [(1)] they must be related to the plaintiff's cause of action or have given rise to it; [(2)] they must involve some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum; and [(3)] they must be such that the defendant should reasonably anticipate being haled into court there." *Sloss*, 488 F.3d at 925 (internal quotation

marks omitted). Additionally, "[a] plaintiff bringing multiple claims that arise out of different forum contacts of the defendant must establish specific jurisdiction for each claim." *Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1360 & 1360 n.3 (11th Cir. 2006).

Plaintiff fails to allege any action taken by Stronghold in (or even related to) the State of Alabama. Even taking the allegations in the Complaint as true, as the Court must on a motion to dismiss, all such incidents occurred somewhere other than Alabama. Specifically, Plaintiff alleges:

- Stronghold was using WAO2 (Compl. ¶ 139);

- Stronghold continued to use WAO2 "after they learned it had been misappropriated." (Compl. ¶ 146);

- "On information and belief, Stronghold blocked [Plainitff's] Dev Fee owed for the currency mined. (Compl. ¶ 147);

- "Stronghold refused to reimburse [Plaintiff] for the Dev Fees they blocked or to otherwise compensate him for their use of his intellectual property." (Compl. ¶ 148).

Any alleged use by Stronghold of WAO2 without authorization occurred in Pennsylvania, where Stronghold's headquarters, facilities and computers are located, not Alabama. (Smith Aff. ¶¶ 4-8). Thus, Plaintiff has failed to allege that Stronghold had any contacts, let alone minimum contacts, that would establish specific personal jurisdiction over it.

The only events alleged to have taken place in Alabama are Plaintiff's own actions. Specifically, Plaintiff alleges that he worked on WAO2 from his "personal site in Alabama" (Compl. ¶ 100); and "reached out directly to Stronghold." (Compl.

¶ 138). Although *Plaintiff* may have taken these actions in Alabama, for purposes of determining personal jurisdiction, "*the conduct at issue is that of the defendants*. No plaintiff can establish jurisdiction over a defendant through his own actions." *Ruiz de Molina v. Merritt & Furman Ins. Agency, Inc*., 207 F.3d 1351, 1356 (11th Cir. 2000) (emphasis supplied in *Ruiz*) (*citing Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). Therefore, courts in Alabama must determine what a particular *defendant* did to purposefully avail himself "of the benefits of doing business in Alabama such that the notions of reasonableness and fairness are not offended by requiring [him] to defend [himself] in an Alabama court." *Ruiz*, 207 F.3d at 1356 (emphasis in the original). Here, Plaintiff has failed to allege any way in which Stronghold purposefully availed itself of the benefits of doing business in Alabama with respect to any of his thirteen causes of action.

Because Plaintiff can neither invoke RICO's nationwide service of process provision to establish jurisdiction or establish either general jurisdiction or specific jurisdiction under Alabama's long-arm statute, the Complaint should be dismissed as to Stronghold.

## II.    Venue is Improper in this District Under 28 U.S.C. § 1391; therefore, Plaintiff's Complaint is Due to be Dismissed.

The standard for deciding a motion to dismiss for improper venue is very similar to the standard articulated above for deciding a Rule 12(b)(2) motion. *See Wai v. Rainbow Holdings*, 315 F. Supp. 2d 1261, 1268 (S.D. Fla. 2004). The plaintiff carries the burden of showing that venue is proper in his chosen forum once the

defendant contests venue under Rule 12(b)(3). *Id.*; *Pritchett v. Paschall Truck Lines, Inc*., 714 F. Supp. 2d 1171, 1174 (M.D. Ala. 2010). Even if the Court determines personal jurisdiction exists, venue may still be improper. *Graceland v. Plutus Enters. LLC*, 2022 U.S. Dist. LEXIS 75016, at *13 (M.D. Fla. Apr. 22, 2022). Here, venue is improper in this District for the reasons set forth below, thus the Court should dismiss this case as against Stronghold.

Venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). Plaintiff merely states venue is proper under Section 1391(b)(2). (Compl. ¶ 17). Venue is improper here, however, because no substantial part of the events or omissions giving rise to the Complaint occurred in this District or indeed in any District in Alabama.

In considering whether venue is proper under 28 U.S.C. § 1391(b)(2), "[o]nly the events that directly give rise to a claim are relevant. And of the places where the events have taken place, only those locations hosting a 'substantial part' of the events are to be considered." *Tognaci v. Ameris Bank*, 2023 WL 1788555 (S.D. Ala. Jan. 4, 2023) (quoting *Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1371 (11th Cir. 2003)), *adopted,* 2023 WL 1786709 (S.D. Ala. Feb. 6, 2023). "Moreover, when determining whether venue is proper, courts must focus on the relevant activities of the defendants rather than the plaintiff." *Id.*

As previously set forth, even taking the allegations in the Complaint as true, the locations hosting a substantial part of the events that are the subject of this

lawsuit occurred outside of Alabama. Plaintiff does not allege Stronghold used WAO2 without authorization in Alabama and admits WAO2 was installed on miners "*housed in Pennsylvania and South Carolina*" (Compl. ¶ 101, emphasis added), and any alleged failure of Treis to protect Plaintiff's purported trade secret occurred in *Pennsylvania* (Compl. ¶¶107-112, emphasis added). In focusing on the relevant activities of Defendants, Plaintiff has failed to show that a substantial part of the events or omissions giving rise to his claims occurred in Alabama; therefore, Plaintiff's Complaint should be dismissed for improper venue.

### III. Plaintiff's Complaint Should be Dismissed Based on *Forum Non Conveniens*.

This Court has broad discretion to dismiss an action under the doctrine of *forum non conveniens* where the "private interest facts" justify dismissal. *King v. Cessna Aircraft Co.,* 562 F.3d 1374 (11th Cir. 2009). Those private interest factors include:

> the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.

*See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1946).

Here, these factors overwhelmingly favor dismissal of this action. First, the "sources of proof," namely the machines on which WAO2 was installed, are located in Pennsylvania and South Carolina. (Compl. ¶ 101), and the possibility of view of the machines would necessarily have to occur in South Carolina or Pennsylvania.

Further, the nine named defendants reside in states outside of Alabama (Compl. ¶¶ 7-15), thus the majority of fact witnesses also reside outside of Alabama. There is a strong likelihood, then, that this Court lacks the ability to compel the testimony of any of these non-party witnesses in Alabama. Accordingly, the private-interest factors considering the availability and expenses of witnesses likewise favor dismissal of this action.

For the reasons set forth above, the doctrine of *forum non conveniens* provides an additional basis for dismissal of this action against Stronghold.

## IV.    Counts 3, 5, and 6 is Due to be Dismissed as against Stronghold For Failure to State a Claim.

"A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8: 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Fed.R.Civ.P. 8(a)(2)." *Gulf S. Communications, Inc. v. Woof, Inc.*, 2021 WL 2405199, at *1 (M.D. Ala. June 11, 2021). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Whether a complaint states a plausible claim for relief, is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* "The plausibility standard requires 'more than a sheer possibility that a defendant has acted unlawfully.'" *Id.* This standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me

accusation.'" *Id.* "Although a complaint challenged by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff is still obligated to provide the 'grounds' for his entitlement to relief, and a 'formulaic recitation of the elements of a cause of action will not do.'" *Surfaces, Inc. v. Point Blank Enterprises, Inc.*, 2022 WL 18956038, at *2 (S.D. Fla. Dec. 27, 2022) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

### A. Count 3 is due to be dismissed for failure to sufficiently allege any facts to support a misappropriation claim under the DTSA against Stronghold and for failure to take reasonable measures to protect the secrecy of WAO2.

Count 3 of Plaintiff's Complaint purports to state a claim for "Willful and Wanton Misappropriation Pursuant to 18 U.S.C. § 1836." The Defend Trade Secrets Act ("DTSA") provides a civil cause of action for the "misappropriation" of a trade secret. 18 U.S.C. § 1836(b)(1). "Misappropriation" includes "use of a trade secret of another without express or implied consent by a person who . . . at the time of disclosure or use, **knew or had reason to know** that the knowledge of the trade secret was . . . derived from or through a person who had used improper means to acquire the trade secret." 18 U.S.C. § 1839(5)(B)(ii) (emphasis added).

The crux of Plaintiff's alleged misappropriation claim against Stronghold under the DTSA appears to be that Stronghold used WAO2 even after learning Plaintiff, and not Treis, owned WAO2. (Compl. ¶¶ 142-145, 178). The only allegation contained in Plaintiff's Complaint concerning Stronghold's use of WAO2 after allegedly learning Plaintiff, and not Treis, owned WAO2 provides: "**On**

**information and belief**, Stronghold mined substantial cryptocurrency using WAO2 even after they learned it had been misappropriated." (Compl. ¶ 146) (emphasis added). Plaintiff's assertion "on information and belief" without any supporting facts is insufficient to support a claim under the DTSA. *See Resnick v. City of Troy*, 2019 WL 2092567, at *5 (M.D. Ala. May 13, 2019) (assertion based on "information and belief" without any supporting facts is simply insufficient to support a claim); *Dairyland Animal Clinic, S.C. v. Amatheon, Inc.*, 2016 WL 11129919 (S.D. Fla. 2016) ("the Complaint recites – solely 'on information and belief' without any factual predicates – the legal elements of a TCPA violation. . . [T]he Court declines to accept Dairyland's 'on information and belief' allegations"). "Conclusory allegations founded on 'information and belief' are insufficient to defeat a motion to dismiss." *Mann v. Palmer*, 713 F.3d 1306, 1315 (11th Cir. 2013), *cert. denied,* 569 U.S. 914, 133 S. Ct. 1752, 185 L.Ed.2d 806 (2013).

Indeed, Plaintiff's factual allegations establish that Stronghold was receiving conflicting information about who owned WAO2: "It was also clear Treis had implicly[sic] or explicitly led Stronghold to believe it had the right to use the machines with WAO2." (Compl. ¶ 140). In communications between Stronghold, Treis and Plaintiff, "[t]hroughout, Treis claimed *they* owned WAO2 and accused [Plaintiff] of somehow stealing *from them*." (Compl. ¶ 143). Plaintiff "informed Stronghold that he is the owner of WAO2." (Compl. ¶ 178). Plaintiff has failed to allege facts sufficient to establish the requisite knowledge requirement to state a claim under Section 1836. Because Plaintiff fails to allege facts sufficient to support

his misappropriation claim against Stronghold, Count 3 must be dismissed for failure to state a claim.

Count 3 should also be dismissed because Plaintiff has failed to allege the existence of a trade secret where he did not take reasonable measures to protect WAO2. "[T]o plead a violation of the DTSA, a plaintiff must allege that he (i) 'possessed information of independent economic value' that (a) 'was lawfully owned by' the plaintiff, (b) for which the plaintiff 'took reasonable measures to keep secret,' and (ii) the defendant 'used and/or disclosed that information' despite (iii) 'a duty to maintain its secrecy.'" *Resnick*, 2019 WL 2092567, at \*5 (*quoting Trinity Graphic, USA, Inc. v. Tervis Tumbler Co.*, 320 F. Supp. 3d 1285,1293 (M.D. Fla. 2018). "In a trade secret action, the plaintiff bears the burden of demonstrating both that the specific information it seeks to protect is secret and that it has taken reasonable steps to protect this secrecy." *Rotor Blade, LLC v. Signature Util. Servs.*, 545 F. Supp. 3d 1202, 1222 (N.D. Ala. 2021) (citations omitted); *Am. Red Cross v. Palm Beach Blood Bank, Inc*. 143 F.3d 1407, 1410 (11th Cir. 1998). "Reasonable efforts to maintain secrecy need not be overly extravagant, and absolute secrecy is not required." *Id.* (citations omitted). To survive a motion to dismiss, the factual allegations "must be enough to raise a right to relief above a speculative level." *Martin v. Auburn Univ. Montgomery*, 2012 WL 787047, \*1 (M.D. Ala. Mar. 12, 2012). Here, Plaintiff has failed to raise a right to relief above a speculative level because Plaintiff failed to take any measures to keep WAO2 secret as to Stronghold.

In *Surfaces, Inc. v. Point Blank Enterprises, Inc.*, 2022 WL 18956038 (S.D. Fla. Dec. 27, 2022), the plaintiff's predecessor, Pabellon, entered a business relationship with the Trigon Defendants relating to Pabellon's communications technology. *Id.*, at *1. Pabellon and the Trigon Defendants executed a mutual non-disclosure and confidentiality agreement. *Id.* To assist the Trigon Defendants with finding potential business partners for Pabellon's technology, Pabellon gave them a Demo Kit which contained confidential, proprietary information (trade secrets) that could be reverse engineered. The Trigon Defendants gave the Demo Kit to the Point Blank Defendants, a potential customer. Plaintiff brought an action against the Point Blank and Trigon Defendants for violation of the DTSA and the Florida Uniform Trade Secrets Act. *Id.* at *2.

The Court granted the Point Blank Defendants' motion to dismiss Plaintiff's trade secrets claims for failure to take reasonable steps to safeguard its alleged trade secrets, reasoning:

> **Plaintiff has not pled that it took any steps to safeguard its trade secrets as between itself and Defendants.** Plaintiff points instead to its motives. Plaintiff cites to no authority for its proposition that a motive for not instituting a safeguard of trade secrets absolves Plaintiff of the responsibility to protect its trade secret. While Plaintiff was aware that Defendants had possession of the Demo Kit, the only step Plaintiff took to protect its trade secrets was to ask Defendants to return the Demo Kit after Defendants told Plaintiff that they would be putting the business discussions with Plaintiff on hold until Plaintiff and the Trigon Defendants resolved their issues. **There are no allegations of fact that Plaintiff attempted to take any measures, let alone reasonable measures, to protect Plaintiff's trade secrets vis-à-vis Defendants**. *See Greenberg v. Miami Children's Hosp. Research Inst., Inc.*, 264 F.Supp.2d 1064, 1077 (S.D. Fla. 2003) (dismissing a trade secret claim because the complaint stated only

> that the parties had an "expectation that [the idea] would remain confidential"); *In re Maxxim Med. Grp., Inc.*, 434 B. R. 660, 691 (Bankr. M.D. Fla. 2010) ("Disclosure of information to others who are under no obligation to protect the confidentiality of the information defeats any claim that the information is a trade secret."). Accordingly, Plaintiff has failed to adequately plead claims for misappropriation of trade secrets against Defendants, and Counts III, IV, and V are dismissed with prejudice as against Defendants." Id. at *12-15 (S.D. Fla. Dec. 27, 2022).

*Id.* at *4-5 (emphasis added). Here, as in *Surfaces*, there are no allegations that Plaintiff attempted to take any measures to protect WAO2 as between himself and Stronghold, even after Plaintiff learned Stronghold was using WAO2. Plaintiff has therefore failed to adequately plead a claim against Stronghold under the DTSA, and Count 3 should be dismissed.

### B. Count 5 of Plaintiff's Complaint should be dismissed because there is no private cause of action pursuant to 18 U.S.C. § 1832.

Count 5 of Plaintiff's Complaint, "Conspiracy to Commit Theft or Trade Secrets in Violation of 18 U.S.C. § 1832(A)(5)," should be dismissed because Section 1832 is a criminal statute and does not provide a private cause of action. *See Smith v. JP Morgan Chase,* 837 Fed. Appx. 769, 769 (11th Cir. Feb. 24, 2021) ("criminal statutes do not provide for private civil causes of action, so it follows that Smith's Title 18 allegations are also without merit because those criminal statutes do not provide for private causes of action") (unpublished)[3]. "Section 1832 is a criminal statute that establishes a crime and specifies punishment." *Vest Safety*

---

[3] Fed. R. App. P. 32.1(a) (permitting citations of unpublished opinions issued on or after January 1, 2007).

*Med. Servs. v. Arbor Envtl., LLC*, 2020 WL 4003642, at *3 (S.D. Tex. Jul. 15, 2020); 18 U.S.C. § 1832(a)(5); *Zegato Travel Solutions, LLC v. Bailey*, 2014 WL 7365807, at *2 (D. Md. Dec. 22, 2014) (18 U.S.C. § 1832 "is the federal criminal statute for the theft of trade secrets").

"In the Economic Espionage Act of 1996, Congress criminalized the theft of trade secrets, as well as attempts and conspiracies to steal trade secrets. 18 U.S.C. § 1832(a). This criminal provision 'does not provide for a private right of action to redress the trade secret thefts that it proscribes.'" *Power Home Solar, LLC v. Sigora Solar, LLC*, 2021 WL 3856459, at *10 (W.D. Va. Aug. 30, 2021) (*quoting Steves and Sons, Inc. v. JELD-WEN, Inc.*, 271 F. Supp. 3d 835, 841 (E.D. Va. 2017)). A violation of Section 1832 is punishable by a fine and/or imprisonment "not more than 10 years." 18 U.S.C. § 1832(a)(5). Thus, conspiracy to steal trade secrets, in violation of 18 U.S.C. § 1832(a)(5), is a criminal violation to be prosecuted by the government. *See, e.g., United States v Williams,* 526 F.3d 1312 (11th Cir. 2008) (defendants indicted for violations of Sections 1832(a)(2), (3), and (5). A private citizen, such as Plaintiff, cannot commence criminal proceedings on his own and has no right to institute criminal prosecutions in federal court. *Linda R.S. v. Richard D,* 410 U.S. 614, 619, 93 S. Ct. 1146, 35 L.Ed.2d 536 (1973); *Otero v. United States Attorney General*, 832 F.2d 141, 141 (11th Cir. 1987).

Although Congress enacted the DTSA in 2016 to allow a civil private right of action (18 U.S.C. § 1836), a plaintiff cannot automatically enforce the criminal statute "in the absence of some expression of Congressional intent." *Carey v.*

*Jones*, 2017 WL 559588, at *3 (M.D. Ala. Jan. 18, 2017), *report and recommendation adopted*, 2017 WL 561813 (M.D. Ala. Feb. 10, 2017); *Love v. Delta Air Lines*, 310 F.3d 1347, 1352 (11th Cir. 2002); *Power*, 2021 WL 3856459, at *10.*Vest Safety*, 2020 WL 4003642, at *3; *Hopkins v. Rich*, 2015 WL 1400837, at *7 (S.D. Ala. Mar. 3, 2015). Congress did not create a private cause of action to enforce a claim for conspiracy under Section 1832. *Stevens and Sons, Inc. v. JELD-WEN, Inc.*, 271 F. Supp. 3d 835, 840-43 (E.D. Va. 2017) (holding that a civil plaintiff could not bring a claim for conspiracy to violate the DTSA because Congress did not expressly provide the civil cause of action); *Power*, 2021 WL 3856459; *NW Monitoring LLC v. Hollander*, 534 F. Supp. 3d 1329, 1338 (W.D. Wash. 2021) ("the weight of authority tips against the viability of conspiracy claims based on the misappropriation of trade secrets under the DTSA"); *Genentech, Inc. v. JHL Biotech, Inc.*, 2019 WL 1045911, at *12 (N.D. Cal. Mar. 5, 2019) (agreeing that 18 U.S.C. § 1832(a)(5), which criminalizes conspiracy to violate the DTSA, does not provide a private right of action); *Vest Safety*, 2020 WL 4003642, at *3 (courts "refer to a trade secrets claim as 18 U.S.C. § 1832 *et seq.* because the DTSA amended Title 18 from sections 1832 to 1838, not because a private cause of action is located in 1832").

Further, "[t]he judicial task is to interpret the statute Congress has passed to determine whether it displays an intent to create not just a private right but also a private remedy. *Statutory intent on this latter point is determinative*. Without it, a cause of action does not exist and courts may not create one, no matter how

desirable that might be as a policy matter, or how compatible with the statute."

*Love*, 310 F.3d at 1352 (*quoting Sandoval*, 532 U.S. at 286-87, 121 S. Ct. at 1519-1520) (emphasis in original). 18 U.S.C. § 1832 does not create a private remedy. While the only remedy under Section 1832 is a fine, imprisonment, or both, Plaintiff seeks the following damages in Count 5: "(a) damages for his actual loss of caused by Defendants' misappropriation of the trade secrets; (b) damages for any unjust enrichment caused by the misappropriation of the trade secret that is not addressed in computing damages for actual loss; or (c) alternatively, damages caused by the misappropriation for a reasonable royalty for Defendants' unauthorized disclosure or use of the trade secrets", as well as "exemplary damages".

18 U.S.C. § 1832(a)(5) displays no intent to create a private cause of action; therefore, Plaintiff is not entitled to relief under 18 U.S.C. § 1832(a)(5), and Count 5 of his Complaint should be dismissed. *Gulf S. Communications*, 2021 WL 2405199, at *1 (must state claim for relief that is plausible on its face).

### C. Count 6, Plaintiff's RICO claim, should be dismissed where Plaintiff has failed to meet the heightened pleading requirement of Rule 9(b).

As set forth in Section I.A., *supra,* Plaintiff's conclusory allegations in his RICO claim that Defendants, including Stronghold, engaged in a pattern of racketeering activity of misappropriation, use and fraud, do not meet the required specificity to state a claim under RICO. *See Ambrosia*, 482 F.3d at 1316 (RICO claims based on fraud must meet Rule 9(b) heightened pleading standard); *Cruz*,

574 F. Supp. 2d at 1230 (heightened standard also applies to non-fraud claims based on same misrepresentation). Plaintiff's allegations fail to inform each of the nine defendants of the nature of each defendant's alleged participation in the alleged wrongdoing. *See Ambrosia*, 482 F.3d at 1316-17. Because of his failure to answer the "who, when, where, how, and why with sufficient specificity as to the RICO claim[s]," Count 6 of Plaintiff's Complaint must be dismissed. *See DePaola*, 2006 WL 1181311, at *12.[4]

## V.   Count 7 of the Complaint is Subject to Dismissal Because it is Preempted by the ATSA.

Plaintiff's claim against Stronghold for Unjust Enrichment (Count 7) is premised on the same facts as Plaintiff's Misappropriation of Trade Secret claims (Count 3). As such, Count 7 is preempted by the Alabama Trade Secrets Act, Ala. Code § 8-27-1 et seq ("ATSA") and accordingly, should be dismissed.

The ATSA "is modeled after and closely parallels the Uniform Trade Secrets Act ["UTSA"]." *Gulf*, 2021 WL 2405199, at *2 (quoting *Parker*, 2020 WL 3972761,

---

[4] Although unnecessary to address at this juncture because Plaintiff fails to meet the required specificity of a RICO claim, Stronghold points out that Count 6 should also be dismissed for failing to state sufficient facts to establish any of the following required elements of a RICO claim: (1) the operation or management (2) of an enterprise (3) through a pattern of (4) racketeering activity that included at least two racketeering acts. *Ray*, 767 F.3d at 1224. 18 U.S.C. § 1836 is not in the list of violations that can form the basis of a RICO claim, "[c]onsequently, a defendant's repeated use of a misappropriated trade secret will not constitute a pattern of racketeering activity for the purposes of RICO." 3 Milgrim on Trade Secrets § 13.03 (citations omitted); *ESPOT, Inc. v. Myvue*, 492 F. Supp. 3d 672, 694 (E.D. Tex. 2020); *Crossborder Sols. v. Macias, Gini & O'Connell, LLP*, 2022 WL 562934 (S.D.N.Y. Feb. 23, 2022). Fraud, alone, is also not a racketeering activity under RICO. 18 U.S.C. § 1961(1); *Friedlander v. Nims*, 571 F. Supp. 1188, 1194 (N.D. Ga. 1983), *aff'd*, 755 F.2d 810 (11th Cir. 1985); *Calmes v. Boca W. Country Club, Inc.*, Case No. 9:17-CV-80574 (S.D. Fla. Oct. 13, 2017)

at *11 & n.9). Further the "ATSA's statutory language is 'nearly identical to that in the DTSA.'" *Rotor Blade, LLC v. Signature Util. Servs.*, 545 F. Supp. 3d 1202, 1221 (N.D. Ala. 2021) (quoting *Parker v. Petrovics*, 2020 WL 3972761, at *4 (N.D. Ala. July 14, 2020). The ATSA protects a trade secret from disclosure or unauthorized use by another, and a person is liable for misappropriation if:

> (1) That person discovered the trade secret by improper means; (2) That person's disclosure or use constitutes a breach of confidence reposed in that person by the other; (3) That person learned the trade secret from a third person, and knew or should have known that (i) the information was a trade secret and (ii) that the trade secret had been appropriated under circumstances which violate the provisions of (1) or (2), above; or (4) That person learned the information and knew or should have known that it was a trade secret and that its disclosure was made to that person by mistake.

Ala. Code § 8-27-3.

Common law torts are preempted by the ATSA when the tort claim is based on the same or similar facts giving rise to a claim under the ATSA. *See Gulf*, 2021 U.S. Dist. LEXIS 109963, at *13-22; and *Arkema Inc. v. Emerson Process Mgmt., LLLP*, 413 F. Supp. 3d 1191, 1194 (S.D. Ala. 2019); *see also Hauck Manufacturing Co. v. Astec Industries, Inc.*, 375 F. Supp.2d 649, 654 (E.D. Ten. 2004) ("The USTA has been uniformly interpreted to preempt previously existing misappropriation of trade secret actions, whether statutory or common law . . . . Courts are also in general agreement the USTA"s preemptive force reaches at least some additional causes of action."). The ATSA "is intended to both codify and to modify the common law of trade secrets in Alabama." ATSA, Comment, § 8-27-6. As such, a plaintiff cannot pursue both statutory and common law theories of recovery for a

defendant's alleged "misappropriation of 'trade secrets' or confidential documents." *Allied Supply Co. v. Brown*, 585 So. 2d 33, 37 (Ala. 1991) (interior citations and quotations omitted). Thus, "any common law tort claim that, whatever its name, provides a theory of recovery for the misappropriation of a trade secret is preempted by [the] ATSA." *Arkema*, at 1194. At bottom, "[t]he issue is whether the tort claim is an attempt to recover for wrongful appropriation of the same commercially valuable item as the commercially valuable trade secret." *Id*., at 1195.

Plaintiff's Unjust Enrichment claim is based on the same facts underlying his Trade Secrets claim (Count 3) and is therefore preempted by the ATSA. In *Madison Oslin, Inc.*, 2012 U.S. Dist. LEXIS 142082, 2012 WL 4730877, over the course of exploring a joint venture agreement with the defendants, the plaintiff divulged its confidential process of applying polyester coating to corrugated cardboard. Plaintiff brought suit, alleging the defendants misappropriated its confidential information by making their own polyester coating for corrugated cardboard boxes. The court held that "[t]he allegations setting forth this [unjust enrichment] claim assert no independent conduct or injury except that defendants 'have been unjustly enriched at the expense of Plaintiffs as a result' of the misappropriation", and "therefore [is] preempted as the underlying facts are 'essentially the same' as those pled for relief under the ATSA." *Id.* at *28.

Here, as in *Madison Oslin*, the facts underlying Plaintiff's Unjust Enrichment claim are "essentially the same" as those pled for relief under Plaintiff's Trade

Secret claim. In fact, Plaintiff's allegations in Count 3 conflate his Trade Secret claim with his claim for Unjust Enrichment (Count 7), when he alleges the following:

- <u>Trade Secret Count 3:</u> "Stronghold was unjustly enriched through their misappropriation of WAO2." (Compl. at ¶182). Plaintiff demands "damages for any **unjust enrichment caused by the misappropriation of the trade secret**."

Plaintiff's allegations further demonstrate that his Unjust Enrichment claim is essentially the same as his Trade Secret claim. Under Count 3, Misappropriation of Trade Secrets, Plaintiff alleges Stronghold "intentionally blocked Plaintiff's Dev Fee," "refused to compensate Plaintiff," and "was unjustly enriched through their misappropriation of WAO2." (Compl. ¶¶ 180-182). Under Count 7, Unjust Enrichment, Plaintiff alleges "Stronghold deployed Plaintiff's code to collect substantial cybercurrency without compensating him." (Compl. ¶ 211). Finally, Plaintiff's Unjust Enrichment claim is essentially the same as his Trade Secrets claim when in that Count he demands damages because Stronghold has been "*unjustly enriched* at Plaintiff's expense" and *"[t]he circumstances under which each Defendant received benefits* at […] Plaintiff's expense make it unjust for any Defendant to retain the benefits without commensurate compensation." (Compl. ¶¶ 215-217) (emphasis added). The "circumstances" under which Stronghold received benefits are those same circumstances identified in Count 3; namely, the alleged misappropriation of WAO2.

Because, as in *Madison Oslin,* Plaintiff's Unjust Enrichment claim (Count 7) is "essentially the same" as his Trade Secrets claim (Count 3), Count 7 is preempted by the ATSA. Accordingly, Count 7 should be dismissed.

## **CONCLUSION**

For the reasons set forth above, Stronghold respectfully requests this Court dismiss Plaintiff's Complaint pursuant to Rule 12(b)(2) for lack of personal jurisdiction. In addition, Stronghold respectfully requests this Court dismiss Plaintiff's Complaint pursuant to Rule 12(b)(3) for improper venue or *forum non conveniens.* If this Court does not dismiss this case under Rule 12(b)(2) or (3), Stronghold respectfully requests this Court dismiss Counts 3, 5, 6, and 7 for failure to state a claim under Rule 12(b(6).

Respectfully submitted this the __23rd__ day of June, 2023.

_____/s Joshua J. Jackson_____
Joshua J. Jackson (ASB-8286-U79J)
Attorney for defendant Stronghold Digital Mining,
LLC

**SAMFORD & DENSON, LLP**
P.O. Box 2345
Opelika, AL  36803-2345
Telephone (334) 745-3504
Email: jackson@samfordlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the __23rd__ day of __June__, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to the following:

Jonathan K. Corley
WHITTELSEY & CORLEY, LLC
PO Box 106
Opelika, AL 36803-0106
jcorley@wwp-law.com


_____/s Joshua J. Jackson_____
OF COUNSEL