# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| MARK GRAMS, ) | |
| an individual Alabama citizen, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.:  3:23-CV-299-RAH |
| v. ) | |
| ) | |
| TREIS BLOCKCHAIN, LLC, ) | |
| CHAIN ENTERPRISES, LLC, ) | |
| CEVON TECHNOLOGIES, LLC, ) | |
| STRONGHOLD DIGITAL MINING, ) | |
| LLC, DAVID PENCE, MICHAEL ) | |
| BOLICK, SENTER SMITH, ) | |
| BRIAN LAMBRETTI, AND ) | |
| JOHN CHAIN, ) | |
| ) | |
| Defendants. ) | |

## MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND RESPONSE TO COURT ORDERS

Pursuant to Fed. R. Civ. P. 15 and Local Rule 15.1, Plaintiff, Mark Grams moves this Honorable Court to enter an Order granting Plaintiff leave to file his First Amended Complaint and responding to this Court's Orders of August 23, 2023 (Doc. #s 39 and 41.)  As grounds, Plaintiff states as follows:

1. On May 4, 2023, Plaintiff filed his Complaint against Defendants. (Doc. 1.)

2. On June 23, 2023, Defendants Michael Bolick, Cevon Technologies, LLC, Brian Lamberti, Stronghold Digital Mining, LLC, Treis Blockchain, LLC,

filed their respective Motions to Dismiss. (Doc. #s 18, 19, 20, 21, and 24.) On July 19, 2023, Defendants Chain Enterprises, LLC and John Chain filed their Motions to Dismiss. (Doc. #s 35 and 36.)

3. Defendants' Motions to Dismiss raise issues relative to personal jurisdiction, improper venue, inconvenient forum, as well as alleged substantive deficiencies with Plaintiff's pending claims. (*See generally* Doc. #s 18–21, 24, 35–36.)

4. On August 23, 2023, this Court entered Orders requiring: (1) Plaintiff to show cause on or before September 6, 2023, as to why Defendants David Pence and Senter Smith should not be dismissed for Plaintiff failing to perfect service within 90 days pursuant to Fed. R. Civ. P. 4(m); and (2) Plaintiff to file responses to Defendants' Motions to Dismiss on or before September 6, 2023. (Doc. #s 39 and 41.)[1]

5. "Under Rule 15(a), leave to amend shall be 'freely given when justice so requires.'" *McKinley v. Kaplan*, 177 F.3d 1253, 1258 (11th Cir. 1999) (citing Fed. R. Civ. P. 15(a)). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing

---

[1] The Orders were entered by Chief Magistrate Judge Doyle prior to the case being reassigned to this Honorable Court. (Doc. #42.)

party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *McKinley*, 177 F.3d at 1258 (citing *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)).

6. Plaintiff has drafted and is prepared to file a First Amended Complaint. In compliance with Local Rule 15.1, a copy of the proposed First Amended Complaint is attached hereto as Exhibit "A."

7. The proposed First Amended Complaint provides more detailed factual allegations concerning Defendants' jurisdictional and venue arguments, and further addresses the alleged legal issues/defenses raised in Defendants' pending Motions.

8. Should the Court be inclined to grant Plaintiff leave to file his First Amended Complaint, that will obviate the need for Plaintiff to respond to the pending Motions to Dismiss.

9. The filing of the First Amended Complaint could also resolve the service issues for Defendants Pence and Smith. Plaintiff has unsuccessfully attempted on several occasions to perfect service on Pence and Smith at Treis Blockchain's place of business in South Carolina. The undersigned has also requested that counsel for Defendants accept service on their behalf, waive service pursuant to Fed. R. Civ. 4(d), or provide home addresses for these Defendants. To date, counsel for Defendants has refused to do so.

10. Upon filing the First Amended Complaint, Plaintiff intends to renew his request that counsel for Defendants execute a waiver of service pursuant to Rule 4(d). If counsel continues to decline to do so, Plaintiff intends on seeking judicial intervention.

WHEREFORE, premises considered, Plaintiff prays this Honorable Court will enter an Order granting Plaintiff leave to file the attached First Amended Complaint and granting Plaintiff a period of 90 days to perfect service on Defendants Pence and Smith, for Defendants Pence and Smith to execute service waivers, or to bring the issue of service to the Court's attention.

Respectfully submitted this the 5th day of September 2023.

>/s/ Jonathan K. Corley
> Jonathan K. Corley
> One of the Attorneys for Plaintiff

>/s/ Carissa V. Sears
> Carissa V. Sears
> One of the Attorneys for Plaintiff

**OF COUNSEL:**
Jonathan K. Corley
WHITTELSEY & CORLEY, LLC
Post Office Box 106
Opelika, Alabama 36803-0106
(334) 745-7766
jcorley@wwp-law.com

 Carissa V. Sears
The Sears Law Office, LLC
7887 E. Belleview Ave. Suite 1100
Greenwood Village, Colorado 80111
720.412.1172
carissa@searslaw.org

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 8th day of September 2023, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to the following counsel of record via e-mail:

Joshua J. Jackson
SAMFORD & DENSON, LLP
Post Office Box 2345
Opelika, Alabama 36803-2345
jackson@samfordlaw.com

/s/ Jonathan K. Corley
Jonathan K. Corley