IN THE MIDDLE DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| MARK GRAMS, )<br>An individual Alabama citizen, )<br>   )<br>Plaintiff, )<br>   )<br>   )<br>   )<br>   )<br>v. )<br>   )<br>TREIS BLOCKCHAIN, LLC, )<br>CHAIN ENTERPRISES, LLC, )<br>CEVON TECHNOLOGIES, LLC, )<br>STRONGHOLD DIGITAL MINING, )<br>LLC, DAVID PENCE, MICHAEL )<br>BOLICK, SENTER SMITH, )<br>BRIAN LAMBRETTI, AND )<br>JOHN CHAIN, )<br>   )<br>Defendants. | Civil Action No.:<br>3:23-CV-00299-SMD |

### DEFENDANTS' OPPOSITION TO MOTION FOR LEAVE TO AMEND THE COMPLAINT

Plaintiff's Motion to Amend the Complaint is an attempt to circumvent the Court's August 23, 2023 Orders [Doc. 39 & 41], and puts the cart before the horse in that Defendants' challenges to personal jurisdiction, venue and the sufficiency of service of process should be decided before considering an Amended Complaint seeking to add five new causes of action. For the reasons set forth herein, the proposed Amended Complaint does not cure the deficiencies raised in the motions to dismiss and, therefore, leave to amend should be denied as futile. If, however, Plaintiff survives the Rule 12 challenges that have been asserted, Defendants will consent to amendment of the Complaint consistent with the Court's ruling on Defendants' motions.

**I.   The Amended Complaint Is Futile Because It Fails to Cure the Lack of Personal Jurisdiction.**

"Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or immediately subject to summary judgment for the defendant." *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007). Contrary to Plaintiff's Motion, the "more detailed factual allegations" contained in the Amended Complaint will not "obviate the need for Plaintiff to respond to the pending Motions to Dismiss." *See* Motion to Amend (Doc. 44), ¶ 7-8. Rather, the Amended Complaint will simply further delay resolution of the motions, most of which have been pending since June 23, 2023.

Like virtually every other federal circuit, the 11th Circuit utilizes a burden shifting paradigm for determining whether personal jurisdiction exists. This burden shifting paradigm does not allow Plaintiff to simply rely on allegations contained within its pleadings. Under this paradigm, "a plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction. Where, as here, the defendant challenges jurisdiction by submitting affidavit evidence in support of its position, the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009) (internal quotations and citations omitted). In such a case, "the plaintiff is required to substantiate the jurisdictional allegations in the complaint by affidavits or other competent proof, and not merely reiterate the factual allegations in the complaint." *Id.* (quoting *Polskie Linie Oceaniczne v. Seasafe Transport A/S*, 795 F.2d 968, 972 (11th Cir. 1986)). As this District has explained, "the plaintiff cannot respond merely by relying on the jurisdictional allegations in its complaint but must substantiate those allegations by affidavit or other component proof." *Am. Home Assur. Co. v. Weaver Aggregate Transp., Inc.*, 719 F. Supp. 2d 1333, 1334 (M.D.Ala 2010).

Because the Amended Complaint is legally incapable of curing (or even properly addressing) the jurisdictional challenges that are currently pending before the Court, it should be denied, *without prejudice*, as being futile.

### II. Plaintiff Has Failed To Show Cause Why Defendants Pence And Smith Should Not Be Dismissed Without Prejudice.

Rule 4(m) mandates that a defendant be served within 90 days of the filing of a complaint or else be dismissed without prejudice. *See* Fed. R. Civ. P. 4(m). The Complaint was filed on May 4, 2023. *See* Doc. 1. The Court's Order mandated that Plaintiff either serve Mr. Pence and Mr. Smith or show cause why they should not be dismissed without prejudice. *See* Doc. 39. Plaintiff failed to comply with the Order but seeks to keep those individuals as named defendants in the Amended Complaint. In short, Plaintiff seeks to have its cake and eat it too.

Plaintiff argues that it may seek judicial intervention if Defendants fail to waive service. Such an argument conveniently omits the fact that Defense Counsel provided Plaintiff with advanced notice of the exact day that these individuals would be present and available to be served at the headquarters of Treis Blockchain, LLC. Plaintiff chose not to have these individuals served on that day. Instead, Plaintiff argues that these defendants have an obligation to waive service under Rule 4(d) even though a written request in compliance with the Rule has never been submitted. Moreover, a defendant may refuse to waive service for "good cause." *See* Fed. R. Civ. P. 4(d)(2). Good cause exists in this case because Plaintiff has alleged a cause of action for violation of the RICO statute (18 USC 1962(c)), which provides that personal jurisdiction is proper when the service of process is perfected. As outlined in Defendants' motions to dismiss, Plaintiff lacks sufficient support for such a cause of action and is believed to be relying on the RICO statute to create personal jurisdiction where it otherwise would not exist.

As a final matter, Plaintiff has had ample time to seek judicial intervention as alleged in its Motion to Amend but failed to do so even in the face of the Court's Order. Because the Amended Complaint neither addresses the Court's orders nor cures Plaintiff's failure to timely serve Defendants Pence and Smith, the Plaintiff's motion should be denied without prejudice. If Plaintiff survives the jurisdictional and venue challenges, Plaintiff may amend its complaint and have it served on each party that still requires proper service.

### III. The Amended Complaint Is Futile Because It Cannot Cure Improper Service.

Another independent reason for denying leave to amend is the fact that the Amended Complaint cannot cure the lack of proper service in violation of Rule 12(b)(5). As evidenced by the motions to dismiss filed by Mr. Bolick, Mr. Lambretti and Cevon Technologies, at least three of the defendants that are named in the Amended Complaint have yet to be properly served with the Summons and Complaint. Plaintiff's Amended Complaint fails to address its insufficient service of process for these defendants or to explain how the Amended Complaint would cure this deficiency. Simply filing the Amended Complaint and relying on the Court's electronic service will not suffice; to hold otherwise would permit plaintiffs to bootstrap service of process through the Court's e-filing system when service was not otherwise properly affected.

### IV. The Amended Complaint Is Futile Because It Is Still Subject To A Motion To Dismiss For Improper Venue.

The same burden-shifting paradigm applicable to jurisdictional challenges applies equally to venue challenges. *See Wai v. Rainbow Holdings*, 315 F. Supp. 2d 1261, 1268 (S.D.Fla 2004) (noting that "the standard for deciding a motion to dismiss for improper venue is generally the same as that for deciding a motion to dismiss for lack of personal jurisdiction"). *See also Pritchett v. Paschall Truck Lines, Inc.,* 714 F. Supp. 2d 20,, 1172 (M.D.Ala 2010) ("A court must accept all allegations of the complaint as true, unless contradicted by the defendant's affidavits") and *Avent*

*v. Pirrello,* 2017 U.S. Dist. LEXIS 39953, *4 (N.D. Ga, Mar. 20 , 2017) ('When a defendant raises an objection to venue, the plaintiff bears the burden of demonstrating the chosen venue is proper"). Because Plaintiff may not rely on the Amended Complaint to defeat the Motions to Dismiss for improper venue, leave to amend the Complaint is futile.

**V.     The Amended Complaint Is Futile Because It Continues To Allege Causes Of Action For Which There Is No Private Right Of Relief Or Are Preempted.**

Because the Amended Complaint continues to include causes of action that fail as a matter of law and would continue to be subject to dismissal pursuant to Defendants' Motions to Dismiss, leave to amend should be denied as being futile.

As detailed in each of the Motions to Dismiss, there is no private right of action under 18 U.S.C. 18321(A)(5). Accordingly, Plaintiff's original claim for Conspiracy to Commit Theft of Trade Secrets in violation of that statute is subject to dismissal under Rule 12(b)(6). Plaintiff's Amended Complaint retains this cause of action as Count IV. The Amended Complaint does not address, much less cure, the fact that this criminal statute does not provide for a private right of action. *See Smith v. JP Morgan Chase*, 837 Fed. Appx. 769, 769 (11th Cir. Feb. 24, 2021) ("criminal statutes do not provide for private civil causes of action, so it follows that Smith's Title 18 allegations are also without merit because those criminal statutes do not provide for private causes of action") and *Vest Safety Med. Servs. v. Arbor Envtl., LLC*, 2020 WL 4003642, at *3 (S.D. Tex. Jul. 15, 2020) ("Section 1832 is a criminal statute that establishes a crime and specifies punishment"). For additional arguments and citations on this point, see Doc. 24, pgs. 35-38.

The Amended Complaint similarly retains the causes of action for conversion, unjust enrichment, fraudulent misrepresentation, each of which are preempted by the Alabama Trade Secrets Act. For additional arguments and citations on this point, see Doc. 24, pgs. 42-47.

## VI. Leave To Amend Should Be Denied Because Plaintiff's Failure To Comply With The Court's Orders Is Wasting Judicial Resources And Prejudicing Defendants.

"A district court has inherent authority to manage its own docket so as to achieve the orderly and expeditious disposition of cases." *Equity Lifestyle Props., Inc v. Fla. Mowing & Landscape Serv.*, 556 F.3d 1232, 1240 (11th Cir. 2009). The Federal Rules of Civil Procedure are very clear that a district court may dismiss a claim for failure to comply with a court order or to timely prosecute its case. *See* Fed. R. Civ. P. 41(b). *See also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that, as a general rule, dismissal for failure to obey a court order is not an abuse of discretion where a litigant has been forewarned).

This District has applied the rigors of Rule 60 when denying a party's request to consider a brief that was filed after a court ordered deadline. *See Peebles v. Auburn Univ.*, 2020 U.S. Dist. LEXIS 261941, *3 (M.D. Ala. Dec. 10, 2020). In that case, the plaintiff was ordered to respond to the defendant's motion for summary judgment. The plaintiff requested and was granted an extension of time to do so but failed to file the response by the court ordered date. The Court denied the plaintiff's request to consider the late filed brief on the grounds that there was no intervening change in controlling law, no new evidence, and no need to correct clear error or manifest injustice.

Within a couple of weeks after Defendants' June 23 Motions to Dismiss were filed, Plaintiff indicated that it intended to file an amended complaint. Despite having repeated its intention to do so on several occasions, Plaintiff waited until the Court ordered deadline to respond to Defendants' Motions to Dismiss to file the amended complaint, thus, unnecessarily delaying these proceedings and the adjudication of Defendants' motions. Defendants are, therefore, simply seeking a denial of Plaintiff's Motion for Leave *without prejudice* that would allow an amended complaint to be filed *<u>after</u>* Plaintiff has responded to and the Court has ruled upon the Motions to

Dismiss. Any other holding would allow Plaintiff to unnecessarily prolong a case that has been pending for over four months and is subject to multiple motions to dismiss alleging threshold matters such as lack of personal jurisdiction under 12(b)(2), insufficient service of process under 12(b)(5), and improper venue under 12(b)(3), *none of which can be defeated and/or cured by an amended complaint.* Allowing Plaintiff to essentially "restart" the entire process would be both a drain on the Court's resources and prejudicial to the Defendants who have set forth detailed and well-founded arguments as to why they are not subject to being haled into this jurisdiction.

If nothing else, purposes of efficiency dictate that Defendants' motions to dismiss should be heard first. That way, Plaintiff may amend its Complaint in a manner that would be consistent with the Court's order on those motions. Otherwise, a *Second* Amended Complaint will likely be necessary in light of the motions to dismiss that will be filed shortly after the filing of the Amended Complaint.

## CONCLUSION

Defendants have provided five independent reasons why Plaintiff's Motion for Leave to Amend is futile, any one of which is sufficient to deny the motion. Defendants have also raised issues of fairness, efficiency and resource management that also dictate that Plaintiff's Motion should be denied. Plaintiff will not be prejudiced if it is forced to first respond to the motions that have been pending since June 23. Defendants, on the other hand, would be prejudiced if Plaintiff were allowed to restart this proceeding after having failed to timely prosecute its case.

Respectfully submitted this the __12th__ day of September 2023.

                /s Joshua J. Jackson
                Joshua J. Jackson (ASB-8286-U79J)
                Attorney for defendant Michael Bolick, Cevon Technologies, LLC, Brian Lamberti, Stronghold Digital Mining, LLC, and Treis Blockchain, LLC

**SAMFORD & DENSON, LLP**
P.O. Box 2345
Opelika, AL  36803-2345
Telephone (334) 745-3504
Email: jackson@samfordlaw.com

## CERTIFICATE OF SERVICE

    I hereby certify that on the 12th day of September, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to the following:

Jonathan K. Corley
WHITTELSEY & CORLEY, LLC
PO Box 106
Opelika, AL 36803-0106
jcorley@wwp-law.com

                /s Joshua J. Jackson
                OF COUNSEL