IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| MARK GRAMS, an individual Alabama citizen,   )<br>)<br>Plaintiff,   )<br>)<br>vs.   )<br>)<br>TREIS BLOCKCHAIN, LLC,   )<br>CHAIN ENTERPRISES, LLC,   )<br>CEVON TECHNOLOGIES, LLC,   )<br>STRONGHOLD DIGITAL MINING,   )<br>LLC, DAVID PENCE, MICHAEL   )<br>BOLICK, SENTER SMITH,   )<br>BRIAN LAMBRETTI, AND   )<br>JOHN CHAIN,   )<br>)<br>Defendants.   ) | Civil Action No.<br>3:23-CV-00299-SMD |

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

COME NOW Defendants Chain Enterprises, LLC (hereinafter "CEL"), and John Chain (hereinafter collectively referred to as "Defendants"), by and through the undersigned counsel, and file this Opposition to Plaintiff's Motion for Leave to File First Amended Complaint. In support thereof, Defendants state as follows:

1. On July 19, 2023, Defendants filed Motions to Dismiss Plaintiff's Complaint.

2. On August 23, 2023, this Court entered an order requiring Plaintiff to "show cause, if any there be, why the Motions should not be granted." (Doc. #41).

3. On September 5, 2023, Plaintiff filed a document entitled "Motion for Leave to File First Amended Complaint and Response to Court Orders." (Doc. #44).

4. Plaintiff's filing of September 5, 2023 (Doc. #44) does not comply with this Court's show cause order of August 23, 2023 (Doc. #41), and, accordingly, Plaintiffs' Motion for Leave to File First Amended Complaint should be denied.

5. Simply put, Plaintiff has not shown cause why Defendants' motions to dismiss should not be granted. Plaintiff's claim that his proposed First Amended Complaint "provides more detailed factual allegations concerning Defendants' jurisdictional and venue arguments, and further addresses the alleged legal issues/defenses raised in Defendants' pending Motions." (Doc. #41, ¶ 7). These "more detailed factual allegations" do not, however, show cause why Defendants' motions should not be granted. More specifically, Plaintiff's proposed First Amended Complaint fails to cure the lack of personal jurisdiction and improper venue.

6. "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or immediately subject to summary judgment for the defendant." *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007).

7. Like virtually every other federal circuit, the 11th Circuit utilizes a burden shifting paradigm for determining whether personal jurisdiction exists. This burden shifting paradigm does not allow Plaintiff to simply rely on allegations contained within its pleadings. Under this paradigm, "a plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction. Where, as here,

the defendant challenges jurisdiction by submitting affidavit evidence in support of its position, the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009) (internal quotations and citations omitted). In such a case, "the plaintiff is required to substantiate the jurisdictional allegations in the complaint by affidavits or other competent proof, and not merely reiterate the factual allegations in the complaint." *Id.* (quoting *Polskie Linie Oceaniczne v. Seasafe Transport A/S*, 795 F.2d 968, 972 (11th Cir. 1986)). As this District has explained, "the plaintiff cannot respond merely by relying on the jurisdictional allegations in its complaint but must substantiate those allegations by affidavit or other component proof." *Am. Home Assur. Co. v. Weaver Aggregate Transp., Inc.*, 719 F. Supp. 2d 1333, 1334 (M.D.Ala 2010).

8. Because the Amended Complaint is legally incapable of curing (or even properly addressing) the jurisdictional challenges that are currently pending before the Court, it should be denied, *without prejudice*, as being futile.

9. Plaintiff claims that "[s]hould the Court be inclined to grant Plaintiff leave to file his First Amended Complaint, that will obviate the need for Plaintiff to respond to the pending Motions to Dismiss." This is simply not true. If Plaintiff is granted leave to file his First Amended Complaint, Defendants will refile their motions to dismiss, addressing the exact same counts contained in both the original Complaint and the First Amended Complaint as well as potentially addressing new causes of action Plaintiff failed to assert in his original Complaint.

10.     The same burden-shifting paradigm applicable to jurisdictional challenges applies equally to venue challenges. *See Wai v. Rainbow Holdings*, 315 F. Supp. 2d 1261, 1268 (S.D.Fla 2004) (noting that "the standard for deciding a motion to dismiss for improper venue is generally the same as that for deciding a motion to dismiss for lack of personal jurisdiction"). *See also Pritchett v. Paschall Truck Lines, Inc.,* 714 F. Supp. 2d 20,, 1172 (M.D.Ala 2010) ("A court must accept all allegations of the complaint as true, unless contradicted by the defendant's affidavits") and *Avent v. Pirrello,* 2017 U.S. Dist. LEXIS 39953, *4 (N.D. Ga, Mar. 20 , 2017) ('When a defendant raises an objection to venue, the plaintiff bears the burden of demonstrating the chosen venue is proper"). Because Plaintiff may not rely on the Amended Complaint to defeat the Motions to Dismiss for improper venue, leave to amend the Complaint is futile.

11.     Because the Amended Complaint continues to include causes of action that fail as a matter of law and would continue to be subject to dismissal pursuant to Defendants' Motions to Dismiss, leave to amend should be denied as being futile.

12.     As detailed in each of the Motions to Dismiss, there is no private right of action under 18 U.S.C. 18321(A)(5).  Accordingly, Plaintiff's original claim for Conspiracy to Commit Theft of Trade Secrets in violation of that statute is subject to dismissal under Rule 12(b)(6).  Plaintiff's Amended Complaint retains this cause of action as Count IV.  The Amended Complaint does not address, much less cure, the fact that this criminal statute does not provide for a private right of action.  *See Smith v. JP Morgan Chase*, 837 Fed. Appx. 769, 769 (11th Cir. Feb. 24, 2021) ("criminal statutes do

not provide for private civil causes of action, so it follows that Smith's Title 18 allegations are also without merit because those criminal statutes do not provide for private causes of action") and *Vest Safety Med. Servs. v. Arbor Envtl., LLC*, 2020 WL 4003642, at *3 (S.D. Tex. Jul. 15, 2020) ("Section 1832 is a criminal statute that establishes a crime and specifies punishment"). For additional arguments and citations on this point, see Doc. 24, pgs. 35-38.

13. The Amended Complaint similarly retains the causes of action for conversion, unjust enrichment, fraudulent misrepresentation, each of which are preempted by the Alabama Trade Secrets Act. For additional arguments and citations on this point, see Doc. 35 and 36, Defendants' motions to dismiss.

14. Finally, "[a] district court has inherent authority to manage its own docket so as to achieve the orderly and expeditious disposition of cases." *Equity Lifestyle Props., Inc v. Fla. Mowing & Landscape Serv.*, 556 F.3d 1232, 1240 (11th Cir. 2009). The Federal Rules of Civil Procedure are very clear that a district court may dismiss a claim for failure to comply with a court order or to timely prosecute its case. *See* Fed. R. Civ. P. 41(b). *See also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that, as a general rule, dismissal for failure to obey a court order is not an abuse of discretion where a litigant has been forewarned).

15. This District has applied the rigors of Rule 60 when denying a party's request to consider a brief that was filed after a court ordered deadline. *See Peebles v. Auburn Univ.*, 2020 U.S. Dist. LEXIS 261941, *3 (M.D. Ala. Dec. 10, 2020). In that

case, the plaintiff was ordered to respond to the defendant's motion for summary judgment. The plaintiff requested and was granted an extension of time to do so but failed to file the response by the court ordered date. The Court denied the plaintiff's request to consider the late filed brief on the grounds that there was no intervening change in controlling law, no new evidence, and no need to correct clear error or manifest injustice.

16. Within a couple of weeks after Defendants' June 23 Motions to Dismiss were filed, Plaintiff indicated that it intended to file an amended complaint. Despite having repeated its intention to do so on several occasions, Plaintiff waited until the Court ordered deadline to respond to Defendants' Motions to Dismiss to file the amended complaint, thus, unnecessarily delaying these proceedings and the adjudication of Defendants' motions. Defendants are, therefore, simply seeking a denial of Plaintiff's Motion for Leave *without prejudice* that would allow an amended complaint to be filed *after* Plaintiff has responded to and the Court has ruled upon the Motions to Dismiss. Any other holding would allow Plaintiff to unnecessarily prolong a case that has been pending for over four months and is subject to multiple motions to dismiss alleging threshold matters such as lack of personal jurisdiction under 12(b)(2), insufficient service of process under 12(b)(5), and improper venue under 12(b)(3), *none of which can be defeated and/or cured by an amended complaint.* Allowing Plaintiff to essentially "restart" the entire process would be both a drain on the Court's resources and prejudicial

to the Defendants who have set forth detailed and well-founded arguments as to why they are not subject to being haled into this jurisdiction.

17.  If nothing else, purposes of efficiency dictate that Defendants' motions to dismiss should be heard first. That way, Plaintiff may amend his Complaint in a manner that would be consistent with the Court's order on those motions. Otherwise, a *Second Amended Complaint* will likely be necessary in light of the motions to dismiss that will be filed shortly after the filing of the Amended Complaint.

WHEREFORE, for the reasons cited above, Defendants pray that this Court will deny Plaintiff's Motion for Leave to File First Amended Complaint.

Respectfully submitted,

*/s/ Clifton E. Slaten*
**CLIFTON E. SLATEN (ASB-4091-N73C)**
**ATTORNEY FOR CHAIN ENTERPRISES, LLC and JOHN CHAIN**

**OF COUNSEL:**
**SLATEN LAW, P.C.**
**7027 Halcyon Park Drive**
Montgomery, Alabama   36117
(334) 396-8882 Telephone
(334) 398-8880 Facsimile
cslaten@slatenlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 12th day of September, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to the following:

Jonathan K. Corley
WHITTELSEY & CORLEY, LLC
PO Box 106
Opelika, AL 36803-0106
jcorley@wwp-law.com

Joshua J. Jackson
SAMFORD & DENSON, LLP
P.O. Box 2345
Opelika, AL 36803-2345
Telephone (334) 745-3504
Email: jackson@samfordlaw.com

*/s/ Clifton E. Slaten*
**Of Counsel**