IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| MARK GRAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:23-cv-299-RAH-SMD |
| | ) | |
| TREIS BLOCKCHAIN, LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## TEMPORARY RESTRAINING ORDER

This matter comes before the Court on Plaintiff's *Motion for Ex Parte Temporary Restraining Order and Preliminary Injunction*, filed the evening of November 13, 2023. The Court conducted a telephonic hearing on the morning of November 14, 2023, with counsel for Plaintiff and Plaintiff, Mark Grams, in attendance. Being advised in the premises and for good cause, the Court grants the motion in part and sets the matter for an evidentiary hearing on **Tuesday, November 28, 2023, at 10:00 a.m. in Montgomery, Alabama**. The hearing shall be conducted in **Courtroom 2D of the Frank M. Johnson, Jr. U.S. Courthouse**.

In reviewing Plaintiff's claim for relief, the Court accepts as true all declarations and well-pleaded factual allegations. *Alabama v. U.S. Dep't of Com.*, 546 F. Supp. 3d 1057, 1063 (M.D. Ala. 2021) (quoting *Elrod v. Burns*, 427 U.S. 347, 350 n.1 (1976)).

## BACKGROUND

In the underlying action, Plaintiff Mark Grams asserts that he created a proprietary "Whatsminer" firmware program called MicroBT Asic Miner FCO (abbreviated as "WAO2" throughout the Amended Complaint). WAO2 is an overclocking firmware program that optimizes cryptocurrency miners, so that they mine for cryptocurrency more quickly and thereby more profitably. The firmware must be customized to work on each machine type.

Grams alleges that after he created WAO2, he began a collaboration for mutual profit with Defendant Treis Blockchain, LLC.  Within the collaboration, Grams over an eighteen-month period installed his firmware on Treis's machines so that he could further customize and optimize the machines' performance.  Grams would profit from a three percent developer fee ("Dev Fee") WAO2 automatically retains, and Treis would receive all additional cryptocurrency mined.

In December of 2021, Treis sold devices and machines containing Grams's proprietary WAO2 to Defendant Stronghold Digital Mining LLC.  Treis represented to Grams that WAO2 had been removed from the machines prior to sale.  But to Stronghold, Treis represented that Treis itself owned WAO2 and all rights of sale.  Grams learned that the overclocking performance he worked for eighteen months to achieve was a material condition of the sale of the devices and machines by Treis to Stronghold.

Grams became concerned when he received indications at his laboratory that 1) WAO2 was being used by Stronghold and 2) WAO2 was not retaining his Dev Fee.  Essentially, Stronghold had found a way to use WAO2 without Grams's consent, and to use it for free without paying Grams.

Grams confronted both Treis and Stronghold.  In a series of emails and phone calls, Grams made clear to Stronghold that he was the sole owner of WAO2.  In December of 2022, Stronghold's attorneys informed Grams in writing that Stronghold had removed WAO2 from all the devices and machines that it had purchased from Treis.

In May of 2023, Grams initiated this suit, alleging that Treis and Stronghold had 1) misrepresented that they had removed WAO2 from their devices and machines (fraud), 2) acquired and used WAO2 without Grams's knowledge or consent (misappropriation of trade secrets), and 3) conspired to block Grams's Dev Fee, among other claims.  Grams asserted that these claims collectively amount to a violation of 18 U.S.C. § 1965 (RICO) in that Treis and Stronghold have formed an enterprise to repeatedly misappropriate Grams's firmware and the profits gained from its use.  18 U.S.C. § 1961; 18 U.S.C. § 1832.

Grams now claims Stronghold has engaged in additional acts of misappropriation and seeks the Court's protection from continued acts of dissemination.  Specifically, Grams

alleges that Stronghold has sold devices and machines to third parties that contain Grams's proprietary WAO2. He further claims that, if WAO2 is further disseminated, the damage will be irreparable because other firmware developers will be able to use WAO2 as a platform from which to develop overclocking firmware for the many other machine-types on the market. Essentially, with his code in the public domain, Grams will be in a race with every firmware developer in the world to customize his own proprietary firmware.

## ANALYSIS

In his motion currently before the Court, Grams petitions the Court for an Order to preserve the *status quo*. To that end, Grams requests a temporary restraining order and a preliminary injunction.

This Court "possesses inherent powers of equity sufficient to enable it to preserve the status quo until the question of its jurisdiction can be resolved." *Fernandez-Roque v. Smith*, 671 F.2d 426, 429 (11th Cir. 1982). To enforce this power, the Court may issue a temporary restraining order to prevent destruction of evidence and other acts that would cause irreparable harm. *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1231 (11th Cir. 2005) (per curiam) ("The purpose of a temporary restraining order, like a preliminary injunction, is to protect against irreparable injury and preserve the status quo until the district court renders a meaningful decision on the merits."). The function of the temporary restraining order is to preserve the *status quo* for only a brief period until an evidentiary hearing may be set and to prevent the irreparable damage that could happen in the interim.

Grams requests that the Court enter a temporary protective order ordering Stronghold to 1) refrain from any use, sales, transfers, or assignments of all electronic devices or machines containing WAO2; 2) provide all available names and contact information for each purchaser of devices or machines containing WAO2; and 3) make available all devices or machines in its custody or control to a third party expert appointed by Grams to inventory and determine which devices contain WAO2.

The Court must 1) evaluate the likelihood that Grams will succeed on the merits; 2) find that the potential damage to Grams would be irreparable; 3) weigh the balance of

3

harms to Grams and Stronghold; and 4) consider the public interest.  *Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034–35 (11th Cir. 2001) (per curiam).

  **A. Substantial Likelihood of Success on the Merits**

  Accepting as true Grams's allegations, the Court finds a substantial likelihood that Grams will succeed on at least one of his claims against Stronghold related to this request. *See Butler v. Ala. Jud. Inquiry Comm'n*, 111 F. Supp. 2d 1224, 1230 (M.D. Ala. 2000) (noting that "[i]t is sufficient if the law or facts support a substantial likelihood of success on at least one claim that would sustain the issuance of a temporary restraining order.").

  First, Stronghold has misappropriated WAO2 not once, but twice.  18 U.S.C.A. § 1832 forbids use of trade secrets, such as Grams's firmware (WAO2), without the authorization of the owner.   The delivery, sending, communication, conveyance, appropriation, taking, carrying away, or concealment of WAO2 is prohibited as a matter of law.

  Knowing it had acquired WAO2 improperly, Stronghold continued to use WAO2 in violation of Grams's rights for months, blocked his Dev Fee, and misrepresented to Grams that WAO2 had been removed from its devices and machines.  Now, Stronghold has further disseminated WAO2 to third parties through sale of its devices and machines that contain WAO2, again without Grams's consent, knowing that it does not own the firmware.

  Second, Stronghold has been unjustly enriched.  Grams created WAO2, which is now being sold by Stronghold on its devices and machines.  Stronghold did not create WAO2 or purchase or license it from Grams.  By selling devices and machines containing WAO2, Stronghold is unjustly enriched.

  Third, Stronghold represented to Grams that it had removed WAO2 from all of their devices and machines.  But contrary to its representation, Stronghold has sold devices and machines containing WAO2 to third parties, supporting Grams's claim that this representation was false.

## B.    Irreparable Injury

The injury to Grams if WAO2 is made public is irreparable in at least three ways, any one of which is sufficient to justify relief.  *Ne. Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville*, 896 F.2d 1283, 1285 (11th Cir. 1990) (injury is irreparable "if it cannot be undone through monetary remedies"); *Robinson M.D. v. Marshal*, 450 F.Supp.3d 1293, 1297-98 (injury is irreparable when time is a factor and delay would prevent recourse).

First, Grams asserts that publication would destroy his business.  Second, publication would destroy the value of WAO2.  And third, releasing the devices and machines without inventorying which devices and machines contain WAO2 prevents Grams from relying on material evidence at trial.

### i.    <u>Publication of WAO2 would destroy Grams's business.</u>

The right to continue operating one's business is not entirely measurable in monetary terms.  *Semmes Motors, Inc. v. Ford Motor Co.*, 429 F.2d 1197, 1205 (2d Cir. 1970).  Accordingly, a threat posed to the viability of one's business is a threat of irreparable harm.  *Id.*

Protected, WAO2 is a platform by Grams to produce continued modifications, innovations, and customizations of the firmware to suit dozens of other machine models. (Ex. A, ¶ 20.)  Once disseminated, all firmware developers will be able to build off of Grams's proprietary code.  (*Id.*, ¶ 22.)  Essentially, he would be in a race with every firmware developer in the world simultaneously rather than being able to customize WAO2 for each machine over time.  (*Id.*, ¶ 23.)

Grams wants to spend his days creatively programing and optimizing his firmware for the world, not retire and live off a damages award.  *See Seemes*, 429 F.2d at 1205 ("Moreover, they want to continue living….a judgment for damages acquired years after …his business is obliterated is small consolation.") (quoting *Bateman v. Ford Motor Co.*, 302 F.2d 63, 66 (3d Cir. 1962)).  Permitting WAO2 to enter the public domain would cause Grams irreparable damage because it would destroy his right to continue spending his time

5

in his chosen creative, purposeful endeavor, destroying both his business and his livelihood.

### ii.    Publication would destroy the value of Grams's trade secret.

"A trade secret once lost is, of course, lost forever." *HB&G Bldg. Prod., Inc.*, No. 2:22-cv-329-ECM, C.J., 2022 WL 1913604, at *6 (M.D. Ala. June 3, 2022) (quoting *N. Atl. Instruments, Inc. v. Haber*, 188 F.3d 38, 49 (2d Cir. 1999)). For this reason, "the mere threat of disclosure of a plaintiff's trade secrets" has been held to constitute irreparable injury justifying injunctive relief." *VAS Aero Servs., LLC v. Arroyo*, 860 F. Supp. 2d 1349, 1363 (S.D. Fla. 2012) (dissemination of trade secret information to competitors would unquestionably cause irreparable harm; threat of same merited injunctive relief); *Priority Payment Sys., LLC v. Signapay, LTD*, 161 F. Supp.3d 1294, 1303 (N.D. Ga. 2016) (movant's need to protect computer source code outweighed harm to nonmovant). Permitting WAO2 to enter the public domain would cause Grams irreparable damage because WAO2 is almost exclusively composed of proprietary information.

### iii.    Surrendering control of the devices and machines is tantamount to destruction of material evidence.

Stronghold's offloading and transfer of material evidence alone is, in and of itself, irreparable injury. Hiding material evidence or surrendering it from reasonable possession or control "immediately and irreparably damage[s] the ability to grant complete relief." *HB&G Bldg. Prod., Inc.*, 2022 WL 1913604, at *3. If the Court does not grant a temporary restraining order, the Parties, the jury, and the Court will never know how many of the devices and machines Stronghold sold to the public contained WAO2.

### C.    Balance of Harms

In this case, the balance of harms weighs heavily in favor of granting a temporary restraining order. Stronghold will not suffer greatly from being temporarily restricted from selling firmware it does not own, for two weeks. *HB&G Bldg. Prod., Inc.*, 2022 WL 1913604, at *6 (citing *Truepenny People, LLC v. Cota*, 2016 WL 9308534, at *2 (N.D. Fla. Oct. 18, 2016) (alteration added)). Meanwhile, Grams will lose his competitive advantage in a market worth millions. *See HB&G*, 2022 WL 1913604, at *6 (temporary

restraining order appropriate when movant stood "to lose its competitive market advantage").

### D.    Public Interest

"There is a strong public policy for protecting trade secrets from misappropriation[.]" *Priority Payment Systems, LLC v. Signapay, LTD*, 161 F.Supp.3d 1294, 1304 (N.D. Ga. 2016). Accordingly, "the public interest is served by protecting trade secrets." *HB&G Bldg. Prod., Inc.,* 2022 WL 1913604, at *7 (citing *Freedom Med., Inc. v. Sewpersaud*, 469 F. Supp. 3d 1269, 1279 (M.D. Fla. 2020)). An order enjoining Stronghold from "unfairly benefiting from [Grams's] trade secrets affirms sound public policy and incentivizes market players to compete fairly. *HB&G Bldg. Prod., Inc.,* 2022 WL 1913604, at *7 (citing *Fortiline, Inc. v. Moody*, 2013 WL 12101142, at *6 (S.D. Fla. Jan. 7, 2013)).

Moreover, the unwitting purchasers of Stronghold's devices and machines have no idea they are receiving misappropriated WAO2. Stronghold has no lawful interest in continuing this ruse and the public has an interest in its cessation. *Fed. Trade Comm'n v. E.M. Sys. & Servs., LLC*, No. 8:15-CV-1417-T-23EAJ, 2015 WL 13709807, at *3 (M.D. Fla. June 17, 2015).

### E. A temporary restraining order is the only way to salvage Grams's business

If this case were about the value of just one program, perhaps the scale would not tip so heavily in Grams's favor. But Grams alleges the only way to preserve his continued livelihood is to protect the program he created from entering the public domain. The Court agrees that Grams's competitors should not be given free rein to copy his program so they can customize it to suit other machine models. That right is its owner's alone.

Accordingly, to preserve the *status quo* pending hearing and in accordance with Rule 65 of the Federal Rules of Civil Procedure,[1] the Court hereby **GRANTS** in part the

---

[1] A court may only issue a temporary restraining order without notice to the adverse party or its attorney if:

Plaintiff's *Motion for Ex Parte Temporary Restraining Order* (Doc. 71) and **ORDERS** as follows:

1) Stronghold shall immediately cease and refrain from any use, sales, transfers, conveyances, or assignments of all electronic devices or machines containing WAO2;

2) Stronghold shall immediately make available to Grams and/or his designee for inspection and inventorying (including the provision of passwords) all devices or machines acquired from Treis in Stronghold's control or possession that may contain WAO2, including all devices or machines stored in its container facility at 2151 Lisbon Road, Kennerdell, Pennsylvania 16374;

3) Stronghold shall not destroy, move or transfer any devices or machines acquired from Treis that may contain WAO2, and shall keep such devices or machines in their current location including at Stronghold's container facility located at 2151 Lisbon Road, Kennerdell, Pennsylvania 16374;

4) Stronghold shall immediately identify to Grams the names and addresses of all persons and entities to whom Stronghold has sold or transferred any device or machine acquired, obtained, or purchased from Treis since December 2021 that may contain WAO2, as well as the dates of such sales and transfers and the quantities of the devices or machines sold;

---

(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition [and]

(B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).  And as the Supreme Court has written, "Ex parte temporary restraining orders are no doubt necessary in certain circumstances, but under federal law they should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer."  *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers, Local No. 70 of Alameda Cty.*, 415 U.S. 423, 439 (1974) (citation omitted).  The Court concludes that Plaintiff has met his burden in his ex parte application by showing the need to preserve the status quo and to prevent irreparable harm.

5) Stronghold shall immediately notify the purchasers of any devices or machines acquired by Stronghold from Treis that may contain WAO2 of (a) this lawsuit and (b) the Plaintiff's claims that their newly acquired devices and machines may contain proprietary firmware, including WAO2, that Stronghold did not have authority, permission or licensing to sell, and that the purchaser may not have authority, permission or licensing to possess or use;

6)      Plaintiff shall, within forty-eight (48) hours, post security, in the form of a cash bond or corporate surety bond or other form approved by the Court, in the amount of **$25,000.00** for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully restrained, pending the hearing and determination of the continuation of this order. If a bond is not filed within forty-eight hours as required, the temporary restraining order will dissolve by operation of law;

7)      This matter is set for an evidentiary hearing on **Tuesday, November 28, 2023, at 10:00 a.m. in Montgomery, Alabama**.  The hearing shall be conducted in **Courtroom 2D of the Frank M. Johnson, Jr. U.S. Courthouse**;

8)      This order shall go into effect immediately and remain in full force and effect for **fourteen (14) days from the date this order is entered on the docket** or until further order of the Court;

9)      Plaintiff shall serve a copy of the *Motion for Ex Parte Temporary Restraining Order and Preliminary Injunction* and this Order on each Defendant by means reasonably calculated to give notice and in compliance with Federal Rule of Civil Procedure 4; and

10)      All other relief in the Plaintiff's motion is otherwise denied.

DONE, this the 14th day of November, 2023.

_____

UNITED STATES DISTRICT JUDGE