IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| MARK GRAMS, an individual Alabama citizen, ) ) ) Plaintiff, ) ) v. ) ) TREIS BLOCKCHAIN, LLC, ) CHAIN ENTERPRISES, LLC, ) CEVON TECHNOLOGIES, LLC, ) STRONGHOLD DIGITAL MINING, ) LLC, DAVID PENCE, MICHAEL ) BOLICK, SENTER SMITH, ) BRIAN LAMBRETTI, AND ) JOHN CHAIN, ) ) Defendants. ) | Civil Action No.: 3:23-CV-299-RAH  **MOTION OPPOSED** |

### MOTION TO STAY BRIEFING SCHEDULE OR, IN THE ALTERNATIVE TO EXTEND THE DEADLINE TO FILE RESPONSE TO DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)

Plaintiff, Mark Grams ("Plaintiff"), moves this Honorable Court to enter an Order staying the present briefing schedule solely directed to Defendants' pending Motions to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) or, in the alternative, granting Plaintiff an extension of time to respond to Defendants' Motions to Dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6). (Docs. 62 and 63.) As grounds, Plaintiff states as follows:

1. On October 30, 2023, Defendants Treis Blockchain, LLC, Cevon Technologies, LLC, Stronghold Digital Mining, LLC, David Pence, Michael Bolick, Senter Smith, Brian Lamberti filed: (i) a Motion to Transfer or Alternatively Motion to Dismiss pursuant to Rule 12(b)(2) (Doc. 60); and (ii) a Motion to Dismiss pursuant to Rule 12(b)(6). (Doc. 62.)

2. On the same day, Defendants Chain Enterprises, LLC and John Chain (collectively, the "Chain Defendants") filed their Motion to Dismiss Plaintiff's Amended Complaint. (Doc. 63.) The Chain Defendants' Motion seeks dismissal based on personal jurisdiction, improper venue, forum *non conveniens*, and failure to state a claim. (*See generally id.*)

3. On October 20, 2023, Defendants requested and Plaintiff agreed to extend the deadline for Defendants' filing, which in turn, of course, required changing the date for Plaintiff's response. The Parties filed a Joint Motion for Extension of the Deadlines contained in the Court's Order of October 2, 2023. (Doc. 55.) The Court granted the parties' joint Motion on the same day. (Doc. 56.) The Court's Order of October 20, 2023, required Defendants to file their respective Motions to Dismiss on or before October 30, 2023; for Plaintiff to file a response on or before November 20, 2023; and for Defendants to file any reply on or before December 4, 2023. (*Id.*).

4. Defendants Motion to Transfer or Alternative Motion to Dismiss pursuant to Rule 12(b)(2) is 48 pages long. (Doc. 60). Likewise, the portion of the Chain Defendants' motion directed to personal jurisdiction and venue issues is 22 pages long. (Doc. 63.)

5. **Plaintiff contemporaneously herewith submits his Response to those briefs, addressing personal jurisdiction and venue; however, Plaintiff respectfully requests an extension to respond to Defendants' substantive arguments pursuant to Rule 12(b)(6).** This request is primarily due to three factors.

6. First, as set forth above, the sheer volume of arguments is substantial. And while the parties' Joint Motion afforded Defendants additional time to file, Plaintiffs' response time remained the same—21 days. Plaintiff has not sought an extension of time beyond the original 21 days allotted by the Court.

7. Second, as the Court is aware, Plaintiff was forced to file an *ex parte* Motion for Temporary Restraining Order, which the Court granted. (Docs. 71 and 73.) The research, preparation, and filing of the Motion (to which two Declarations were attached) was immensely time-consuming and caused Plaintiff to file behind in his efforts to respond to pending Motions.

8. Finally, Defendants have raised issues concerning whether jurisdiction and venue are proper before the Court. Frankly, it makes little sense for Plaintiff to

incur the time and significant expense of paying counsel to respond to Motions that may eventually be pending before another Court.

10. Since entry of the TRO, counsel for the parties have been diligently attempting to reach certain stipulations concerning Defendants' compliance with the TRO while preserving their jurisdiction and venue arguments, as well as stipulations concerning case-management and scheduling issues in the future.

11. Counsel have conducted a telephone conference call and have emailed various iterations of the proposed stipulation. However, to date, no firm agreement has been reached concerning the agreed-upon language contained in the stipulations.

12. Pursuant to the Court's General Briefing Order, counsel for Plaintiff has contacted counsel for Defendants to discuss Defendants' position relative to this issue.

13. Counsel for Defendants indicated that Defendants will oppose an extension, unless the parties can agree to the stipulation. Counsel for Plaintiff has advised counsel for Defendants that while they are amenable to continuing discussions of the stipulation, they are not in a position to do so today, primarily due to the Court's deadlines to respond to Defendants' pending Motions.

14. Counsel for Plaintiff has advised that once the response to the 12(b)(2) Motion is filed, they will continue working towards attempting to reach mutually agreeable language in the stipulation. Indeed, counsel for the parties have arranged

a conference call at 10:00 a.m. tomorrow, November 21, to continue discussions and, if necessary, are working to schedule a telephone hearing with the Court tomorrow afternoon at 1:30 p.m.

15.    Plaintiff **does not** seek an extension of time to respond to Defendants' 12(b)(2) arguments.

WHEREFORE, premises considered, Plaintiff prays this Honorable Court will enter an Order staying the present briefing schedule directed to Defendants' pending Motions to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) or, in the alternative, granting Plaintiff an extension of time to respond to Defendants' Motions to Dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6). (Docs. 62 and 63.)

Respectfully submitted this the 20th day of November 2023.

                                            */s/ Jonathan K. Corley*
                                            Jonathan K. Corley
                                            One of the Attorneys for Plaintiff

                                            */s/ Carissa V. Sears*
                                            Carissa V. Sears
                                            One of the Attorneys for Plaintiff

**OF COUNSEL:**
Jonathan K. Corley
WHITTELSEY & CORLEY, LLC
Post Office Box 106
Opelika, Alabama 36803-0106
(334) 745-7766
jcorley@wwp-law.com

Carissa V. Sears
The Sears Law Office, LLC
7887 E. Belleview Ave. Suite 1100
Greenwood Village, Colorado 80111
720.412.1172
carissa@searslaw.org

## CERTIFICATE OF SERVICE

    I hereby certify that on this the 20th day of November 2023, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to the following counsel of record via e-mail:

Joshua J. Jackson
SAMFORD & DENSON, LLP
Post Office Box 2345
Opelika, Alabama 36803-2345
jackson@samfordlaw.com

Hunter Freeman
KIM, LAHEY & KILLOUGH LAW FIRM
3620 Pelham Road, PMB #213
Greenville, South Carolina 29615
hfreeman@kimandlahey.com

                                        */s/ Jonathan K. Corley*
                                        Jonathan K. Corley