# IN THE MIDDLE DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| MARK GRAMS, ) | |
| An individual Alabama citizen, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | **Civil Action No.:** |
| ) | **3:23-CV-00299-SMD** |
| v. ) | |
| ) | |
| TREIS BLOCKCHAIN, LLC, ) | |
| CHAIN ENTERPRISES, LLC, ) | **JOINT MOTION TO STAY** |
| CEVON TECHNOLOGIES, LLC, ) | **HEARING AND DEADLINES** |
| STRONGHOLD DIGITAL MINING, ) | **FOR RULE 12(b)(6) MOTIONS** |
| LLC, DAVID PENCE, MICHAEL ) | |
| BOLICK, SENTER SMITH, ) | |
| BRIAN LAMBRETTI, AND ) | |
| JOHN CHAIN, ) | |
| ) | |
| Defendants. | |

The Parties jointly move this Court to (1) vacate the hearing currently scheduled for November 28, 2023 and (2) to stay all deadlines associated with the Rule 12(b)(6) motions filed by the Defendants [Dkt. 62 & 63 (Section IV, pgs. 30-43)] until such time that the Court can rule on Defendants' motions to transfer and/or dismiss pursuant to Rule 12(b)(2) [Dkts. 60 & 63 (Section I-III, pgs. 1-29)] and/or until a hearing is reset on Plaintiff's request for injunction.

The Parties believe that this request will serve the interests of justice and judicial economy and is supported by good cause as it will allow the Court to first

address the jurisdictional and venue issues currently pending before the Court before addressing Plaintiff's request for further injunctive relief and/or Defendants' request to dismiss certain claims pursuant to Rule 12(b)(6).

The Parties' belief is based upon the following: 1) the Parties have been cooperating to try to obtain more information; 2) they have determined the information they need to move forward toward resolution of the issues raised in the request for injunction is exclusively in the hands of third parties, 3) the Parties have agreed that no Defendant waives personal jurisdiction by appearing in this matter, including at any injunction hearing, or by cooperating with Plaintiff to secure the information needed, 4) the Parties have agreed that Plaintiff will not suffer any prejudice from his patience in postponing the hearing, and that he will not be accused of inaction or failing to make diligent efforts protect his trade secrets, 5) Stronghold will continue to comply with the Court's temporary restraining order [Dkt. 73] and will make a good faith effort to provide information that is reasonably necessary to protect Plaintiff's alleged trade secrets from any potential dissemination resulting Stronghold's sale of certain Bitcoin mining machines purchased from Treis Blockchain, LLC.

Accordingly, while they gather the necessary information, all Parties wish to postpone the hearing currently set for Tuesday, November 28, 2023. All Parties respectfully request that the Court vacate the hearing set for Tuesday, November 28,

2023 and permit the Parties to reach out to the Court for a new setting, if one is needed, on or about Friday, December 1, 2023.

*/s/ Carissa V. Sears*
Carissa V. Sears, Esq.
The Sears Law Office, LLC
7887 E. Belleview Ave. Suite 1100
Greenwood Village, Colorado 80111
*Attorney of Record for Mark Grams*

*/s/ Joshua Jackson*
Joshua Jackson, Esq.
Samford & Denson, LLP
709 Avenue A
Opelika, Alabama 36801
*Attorney of Record for*
*Stronghold Digital Mining, LLC, Treis BlockChain, LLC, David Pence, Michael Bolick, Senter Smith and Brian Lambertti*

*/s/ Clifton Slaten*
Clifton E. Slaten, Esq.
Slaten Law, P.C.
7027 Halcyon Park Dr.
Montgomery, AL 36117
Attorney of Record John Chain and Chain Enterprises, LLC