IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| MARK GRAMS, )<br>an individual Alabama citizen, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>TREIS BLOCKCHAIN, LLC, )<br>CHAIN ENTERPRISES, LLC, )<br>CEVON TECHNOLOGIES, LLC, )<br>STRONGHOLD DIGITAL MINING, )<br>LLC, DAVID PENCE, MICHAEL )<br>BOLICK, SENTER SMITH, )<br>BRIAN LAMBRETTI, AND )<br>JOHN CHAIN, )<br>)<br>Defendants. ) | Civil Action No.<br>3:23-CV-00299-SMD |

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO
DEFENDANTS' MOTION TO TRANSFER OR ALTERNATIVELY TO
DISMISS PURSUANT TO RULE 12(B)(2)**

COME NOW Defendants Chain Enterprises, LLC (hereinafter "CEL"), and John Chain (hereinafter collectively referred to as "Chain Defendants"), by and through the undersigned counsel, and file this Reply to Plaintiff's Response to Defendants' Motion to Transfer or Alternatively to Dismiss Pursuant to Rule 12(B)(2). (Doc. 79). Plaintiff's request for relief in said Response should be denied and these Defendants' Motion to Dismiss is due to be granted. In support thereof, Defendants state as follows:

1

# ARGUMENT

Plaintiff spends very little - if any - time specifically addressing the Chain Defendants in his Response Brief. Plaintiff's failure to address Chain Defendants' arguments regarding the issues of general jurisdiction and the failure to plead a RICO claim against these Defendants constitutes abandonment. *See Jones v. Bank of Am., N.A.*, 564 Fed Appx. 432, 434 (11th Cir. 2014) ("a party's failure to respond to any portion or claim in a motion indicates such portion, claim or defense is unopposed). When Plaintiff does mention the Chain Defendants it is usually in passing, is merely a recitation or close proximity thereof of allegations in Plaintiff's Complaint, and is not "evidence" in opposition to the Chain Defendants' Motion to Dismiss.

## A. Plaintiff Has Failed to Meet His Burden of Establishing Personal Jurisdiction over the Chain Defendants

"While the Plaintiff bears the burden of establishing personal jurisdiction, the plaintiff's burden of proof varies according to how the district court chooses to proceed." *AcryliCon U.S., LLC v. Silikal GmbH*, 985 F.3d 1350, 1364 (11th Cir. 2021) (citing *Oldfield v. Puebla De Bahia Lora, S.A.*, 558 F.3d 1210, 1217 (11th Cir. 2009)). The district court can proceed without an evidentiary hearing under a *prima facie* standard, or can conduct an evidentiary hearing under the preponderance-of-the-evidence standard. *Id.* Either way, "the plaintiff must

eventually – by the close of evidence – establish personal jurisdiction by a preponderance of the evidence." *Id.*; *Jackson Key Practice Solutions, LLC v. Sullivan*, 2015 U.S. Dist. LEXIS 169140, *9 (S.D. Ala. Dec. 18, 2015).

When the issue of personal jurisdiction is decided on the briefs and accompanying evidence, but without an evidentiary hearing, a plaintiff who sues a nonresident defendant satisfied his initial burden by alleging in the complaint "sufficient facts to make out a prima facie case of personal jurisdiction. *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013) (quoting *united Techs Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009)). "A *prima facie* case is established if the plaintiff presents enough evidence to withstand a motion for a directed verdict." *Stubbs v. Wyndham Nassau Resort*, 447 F.3d 1357, 1360 (11th Cir. 2006) (citations omitted).

Where the "defendant challenges personal jurisdiction by submitting affidavit evidence in support of its position, 'the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction.'" *Diamond Crystal Brands, Inc. v. Good Movers Int'l, Inc.*, 593 F.3d 1249, 1257 (11th Cir. 2010) (citations omitted). "By that standard the plaintiff must offer evidence that creates a genuine dispute of material fact as to the court's personal jurisdiction over the defendant." *Slocumb Law Firm, LLC v. Trollinger*, 2015 U.S. Dist. LEXIS 103547, at *2 (M.D. Ala. Aug. 7, 2015). Although the Court must construe all reasonable

inferences in favor of Plaintiff when evidence conflicts, it "is not obligated to accept [Plaintiff's] mere legal conclusions posited as facts" even if plaintiff submits such statements in an affidavit. *Mewbourne v. Cheytac, USA, LLC*, 2013 U.S. Dist. LEXIS 457743, *32 (N.D. Ala. Mar. 29, 2013) (citing *Mazer*, 556 F.3d at 1276-77). Here, Plaintiff has failed to meet his initial burden of establishing a *prima facie* case of personal jurisdiction and has further failed to produce evidence to counter the Chain Defendants' declarations. Accordingly, this Court should grant Defendants' Motion to Dismiss.

**B. References to the Chain Defendants in the "Introduction" and Preliminary Paragraphs of Plaintiff's Argument Are Not Evidence**

In his Introduction Plaintiff makes the unsupported statement "[t]his Court has personal jurisdiction over Treis Blockchain, LLC and Chain Enterprises, LLC, because of their commercial collaboration, over a period of years, with an Alabama resident." This statement is without supporting evidence (and contradicts certain statements in Plaintiff's Amended Complaint) and is not sufficient evidence to counter the Chain Defendants' motion. "Statements by counsel in briefs are not evidence." *Skyline Corp. v. N.L.R.B.*, 613 F.2d 1328, 1336 (5th Cir. 1980).

Plaintiff also states in the introduction that "[t]his Court has personal jurisdiction over the remaining Defendants because they each engaged in misconduct calculated to steal intellectual property from an Alabama resident and

then made misrepresentations to him while he was in Alabama to extend the duration of their misuse and profits." Again, this is merely a statement by counsel, not evidence.

Finally, Plaintiff states in the introduction, "this Court has jurisdiction over everyone who participated in a scheme to misappropriate WAO2 as RICO confers nationwide personal jurisdiction." In addition to being a statement by counsel, not evidence, this statement makes no reference to the Chain Defendants, and, as seen in the argument section of Plaintiff's Response cannot be referencing the Chain Defendants because Plaintiff makes no argument that the Chain Defendants were part of a RICO enterprise. Plaintiff abandons any allegations in his Complaint that **these Defendants** were involved in a RICO enterprise.

In the introductory paragraphs under the Plaintiff's "Argument," Plaintiff specifically mentions the Chain Defendants when he states: "Defendants John Chain and Chain Enterprises, LLC reached out to Grams in Alabama to establish a business relationship, to broker sales of WAO2 on behalf of Grams and share any profits gained. They then breached their agreement, misappropriated the Dev Fee they agreed to divide evenly, and misrepresented to Stronghold that CE owned WAO2." Again, this simply restates allegations of the Complaint – while mistakenly substituting Stronghold for Treis. No citation to legal authority or legal argument follows up these statements.

5

## C. Possible References to the Chain Defendants Contained in Plaintiff's Arguments for Specific Jurisdiction Do Not Meet Plaintiff's Burden to Establish Personal Jurisdiction

It appears that only section I. (B) of Plaintiff's Response *arguably* speaks to why Plaintiff believes the Chain Defendants are subject to the jurisdiction of this Court. ("The remaining defendants each established minimum contacts with Alabama by committing intentional torts aimed at Alabama . . ."). (Doc. 79, pg. 18). But even section B **specifically** references conduct of Treis and Stronghold without naming either of the Chain Defendants. The conclusion of section I. B. alleges intentional torts by Stronghold and Treis and the individual defendants independently of Treis (presumably this refers to the individual members of Treis who have been named in this matter). These Defendants – **John Chain and Chain Enterprises** - are never specifically mentioned at all.

The closest reference to the Chain Defendants would be to broadly read the allegation that "the Defendants knew stealing WAO2 would injure its creator here in Alabama where he resides and conducts his business." (Doc. 79, p. 18). The discussion following this statement, however, only speaks to the conduct of Treis and Stronghold, not the Chain Defendants.

The Chain Defendants filed a 12(b)(6) motion to dismiss Plaintiff's state law claims related to Plaintiff's allegations of "stealing WAO2" on the basis that said

claims are barred by the applicable statute of limitations. Plaintiff's Reply does not address this issue at all.

Plaintiff cites to *SkyHop Tech, Inc. v. Navarra*, 58 F.4th 1211, (11th Cir. 2023) for the proposition that "when a developer hijacked an owner's use of its software, his ransom emails into Florida were sufficient to establish jurisdiction." Plaintiff claims this case is on point, but *SkyHop Tech, Inc.*, while an 11th Circuit case, is a case about Florida's long-arm statute, Fla. Stat. § 48.193(1), which is not at issue here. This case involves Alabama's long-arm statute. "Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *SkyHop Tech, Inc.* 58 F.4th at 1222. (citing *Daimler AG v. Bauman* 571 U.S. 117, 125, 134 S. Ct. 746, 187 L.Ed.2d 624 (2014)).

*Licciardello v. Lovelady*, 544 F.3d 1280 (11t Cir. 2008), another case used by Plaintiff to support his position, also deals with Florida's long-arm statute, not Alabama's. The holding in *Licciardello* was that the **Florida** long-arm statute permits jurisdiction over a non-resident defendant who commits a tort outside the state that causes injury inside the state. *Licciardello,* 544 F.3d at 1283. Both of these cases can probably be distinguished on other grounds as well, but the bottom line is that neither of them deals with the long-arm statute at issue in this case.

Plaintiff also cites to *Army Times Pub. Co. v. Watts*, 730 F.2d 1398 (11th Cir. 1984) in support of his position, but that case can be differentiated on the grounds

7

that it was a case involving libel and the publisher, while not located in Alabama, had numerous subscribers in the State of Alabama, derived advertising revenue from Alabama, and purposely availed itself of the readership market in Alabama. *Army Times Pub. Co.,* 730 F.2d at 1399-1401. The facts of that case were not at all analogous to the tenuous – at best - contacts at issue here.

Next, Plaintiff turns to *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339 (11th Cir 2013). This case also analyzes **Florida's** long-arm statute, not Alabama's.

Finally, Plaintiff cites to *Alfa Corp. v. Alfagres, S.A.*, 385 F. Supp. 2d 1230, 1235 (M.D. Ala. 2005) for the proposition that with intentional actions, these acts indicate that "the defendant may be held to have expected its conduct to have an effect in that state, and further to have expected that the victim will bring suit for redress there." *Alfa Corp.*, 385 F. Supp. at 1235.

While, with respect to intentional torts, Plaintiff may prove purposeful availment under the *Calder* effects test where the tort was intentional; aimed at the forum state; and caused harm that Defendants should have anticipated would be suffered in Alabama (*Louis Vuitton*, 736 F. 3d at 1356 (11th Cir. 2013)), *Calder* made clear that mere injury to a forum resident is not sufficient connection to the forum. *Walden v. Fiore*, 571 U.S. 277, 290 (2014). "The proper question is not

where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." *Id.*

The alleged conduct of these Defendants, as presented in Plaintiff's Complaint, had no meaningful connection to this forum. The dispute at issue here is essentially a virtual one, and the alleged conduct and communications between the Plaintiff and these Defendants could have occurred anywhere. There is nothing in Plaintiff's allegations that indicates these Defendants availed themselves of conducting business in Alabama or even that Alabama has much interest in this case.

While not authoritative in this jurisdiction, the United States District Court for the District of New Jersey recently decided a case involving transactions in the "electronic ether" and a dispute over cryptocurrency. In that case, *Magill v. Elysian Global Corp.*, the Plaintiff hinged his argument for personal jurisdiction over Defendants on two main facts: "(1) Plaintiff's New Jersey residence, and (2) that Defendants communicated and contracted with Plaintiff who they knew lived in New Jersey." *Magil v. Elysian Global Corp.*, 2021 U.S. Dist. LEXIS 63920, *11-12 (D.N.J. Apr. 1, 2021). The case concerned Plaintiff's claims for unpaid compensation for work related to an initial coin offering of cryptocurrency with an out-of-state defendant. The Court ultimately decided that the connections claimed by Plaintiff were not sufficient to satisfy the requirements of due process to

exercise jurisdiction in New Jersey over the defendants. The Court stated "Plaintiff's claims against Defendants would be identical if he lived anywhere in the world. All of Plaintiff's work and the entire nature of Defendants' business was performed online with world-wide scope." *Id.* at 16. The facts of *Magil* are almost identical to the facts in this case regarding the Chain Defendants.

Based on the foregoing, Plaintiff has failed to meet his burden of establishing personal jurisdiction over the Chain defendants.

## D. 18 U.S.C. § 1964 [sic](RICO) Cannot Serve as a Basis for Jurisdiction Over these Defendants in this Case

Plaintiff fails to adequately address his failure to plead a RICO claim as to the Chain Defendants. His response – "Section III. 18 U.S.C. § 1964 [sic](RICO) confers personal jurisdiction over the Defendants" – does not address these defendants or any arguments against Plaintiff's RICO claim made by the Chain Defendants in their Motion to Dismiss. In fact, Plaintiff clearly states in his response "[a]s detailed within, Plaintiff has plausibly stated that **Treis and Stronghold** conspired to continue using WAO2 in violation of Grams's rights, took group calls with him to exert group pressure to intimidate away asserting his rights, and simultaneously blocked his Dev Fee while continuing to use WAO2 to make profits. This is sufficient association-in-fact to constitute an enterprise." (emphasis added). Plaintiff proceeds to spend the next few pages of his reply brief

explaining why he believes an enterprise consisting of Treis and Stronghold existed.

Plaintiff has made no opposition to the Chain Defendants' position that Plaintiff has not asserted a RICO claim against the Chain defendants. In essence, Plaintiff concedes that there is no RICO claim against these two defendants and RICO cannot be used as a basis to establish jurisdiction over the Chain Defendants and Plaintiff has abandoned all arguments against the Chain Defendants' motion to dismiss Plaintiff's RICO claims against them.

### E. Plaintiff Does Not Know Where Venue Should Be

The Plaintiff in his response essentially states that if the Court does not have jurisdiction over all the Defendants pursuant to RICO, then the matter does not need to be brought against them all as a group. Plaintiff then states "[i]f the Court finds that it does not have personal jurisdiction against Chain and Chain Enterprises, LLC, Plaintiff respectfully request that claims made against these Defendants either 1) be transferred to Nevada or 2) dismissed without prejudice except as to this forum."(Doc. 79 p. 34) Plaintiff is clearly not certain of venue. The Court should dismiss as to the Chain Defendants.

Plaintiff lacks standing to raise issues as to where alleged misrepresentations between the Treis Defendants and Chain Defendants occurred. That matter was previously litigated in Delaware.

"Because venue is improper in the Middle District of Alabama, the Court has discretion to dismiss or transfer venue under §1406(a)." *Wilke v. Tallahassee Mem'l Health Care*, 2018 U.S. Dist. LEXIS 176819 (M.D. Ala. Sep. 11, 2018) By the Plaintiff's own admission, he suggested transfer to Nevada, or dismissal without prejudice if the court does not have personal jurisdiction. Since the Court does not have personal jurisdiction as to the Chain Defendants the Court may dismiss the Chain Defendants and transfer the others to South Carolina.

## CONCLUSION

Because Plaintiff has failed to meet his burden of establishing personal jurisdiction over the Chain Defendants and because Plaintiff has abandoned any RICO claim as basis for jurisdiction over the Chain Defendants, this Court should grant the Chain Defendants' Motion to Dismiss pursuant to Fed R Civ P 12(b)(2) and deny any relief requested by Plaintiff in his Response so far as it pertains to the Chain Defendants.

WHEREFORE, for the reasons cited above, the Chain Defendants pray that this Court will deny the relief requested in Plaintiff's Response to Defendants' Motion to Transfer or Alternatively Dismiss Pursuant to Rule 12(b)(2) and grant the Chain Defendants' Motion to Dismiss.

                    Respectfully submitted,

                    */s/ Clifton E. Slaten*
                    **CLIFTON E. SLATEN (ASB-4091-N73C)**
                    **ATTORNEY FOR CHAIN ENTERPRISES, LLC and JOHN CHAIN**

**OF COUNSEL:**
**SLATEN LAW, P.C.**
**7027 Halcyon Park Drive**
Montgomery, Alabama   36117
(334) 396-8882 Telephone
(334) 398-8880 Facsimile
cslaten@slatenlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of December 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to the following:

Jonathan K. Corley
WHITTELSEY & CORLEY, LLC
PO Box 106
Opelika, AL 36803-0106
jcorley@wwp-law.com

Joshua J. Jackson
SAMFORD & DENSON, LLP
P.O. Box 2345
Opelika, AL 36803-2345
Telephone (334) 745-3504
Email: jackson@samfordlaw.com

Carissa V. Sears
The Sears Law Office, LLC
7887 E. Belleview Ave. Suite 1100
Greenwood Village, CO 80111
carissa@searslaw.org

Hunter S. Freeman
KIM LAHEY &
KILLOUGH LAW FIRM
3620 Pelham Road, PMB #213
Greenville, SC 29615
Phone: (864) 973-6688
hfreeman@kimandlahey.com

                    */s/ Clifton E. Slaten*
                    **Of Counsel**