IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| MARK GRAMS, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) ) **Civil Action No.:** |
| TREIS BLOCKCHAIN, LLC, ET. AL. | ) **3:23-CV-00299-RAH** ) ) |
|     Defendants. | ) |

**DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS PLAINTIFF'S RICO CLAIM**

Plaintiff's RICO claim should be dismissed because Plaintiff has failed to allege sufficient facts to: (1) show that he owns trade secrets that could be stolen as is required to prove a racketeering activity; (2) show that Defendants shared a common purpose and acted as a continuing unit as is required to participate in an enterprise; (3) show that Defendants engaged in two racketeering activities, much less a pattern of racketeering activity; and (4) comply with Rule 9(b)'s heightened pleading standard sufficient "to inform each defendant of the nature of his alleged participation in the fraud." *DePaola v. Nissan North America, Inc.*, 2006 U.S. Dist. LEXIS 29084, at *34 (M.D. Ala. May 2, 2006). Because Plaintiff has failed to state a plausible RICO claim, he cannot take advantage of RICO's nationwide service-of-process to establish personal jurisdiction over Defendants, and his RICO claim should be dismissed.

As explained in Defendant's Motion to Dismiss [Dkt. 62], the Amended Complaint describes a contract dispute, the essence of which is that Plaintiff was not paid in the agreed upon amounts and/or methods. RICO, however, is reserved for instances in which a group of defendants form a *criminal* enterprise to engage in criminal *conduct* that constitutes a pattern of racketeering activity. *See* 18 U.S.C. § 1961 ("'racketeering activity' means….(B) any act which is indictable under any of the following provisions of title 18 United States Code" which is entitled Crimes and Criminal Procedure). Simply proving criminal conduct is not enough: "RICO targets ongoing criminal activity, rather than sporadic, isolated criminal acts…" *See Jackson v. Bellsouth Telecomms.*, 372 F.3d 1250, 1264-65 (11th Cir. 2004). "The 'pattern' element of the [RICO] statute was designed to limit its application to planned, ongoing, continuing crime as opposed to sporadic, unrelated, isolated criminal episodes." *Id.* at 1264.

In the context of a motion to dismiss, "claims under RICO must be subjected to scrutiny due to their potential for abuse by civil litigants." *Depaola*, 2006 U.S. Dist. LEXIS 29084, *32 (quoting *Bill Buck Chevrolet, Inc. v. GTE Fla., Inc*., 54 F. Supp. 2d 1127, 1132 (M.D. Fla. 1999)). Plaintiff has not and cannot allege facts sufficient to show Defendants formed an enterprise with a common purpose of engaging in "planned, ongoing continuing crime" for the purpose of stealing Plaintiff's trade secrets. If he could, why then, has he not involved law enforcement?

# ARGUMENT

To establish a civil RICO claim under 18 U.S.C. § 1962(c), a plaintiff must "establish that a defendant (1) operated or managed (2) an enterprise (3) through a pattern (4) of racketeering activity that included at least two racketeering acts." *Ray v. Spirit Airlines, Inc.,* 767 F.3d 1220, 1224 (11th Cir. 2014).

I. **Plaintiff has not established a racketeering activity because he has not alleged the existence of trade secret that could be stolen.**

Plaintiff's Opposition [Dkt.79] to Defendants' Motion to Transfer [Dkt. 60] plainly states that "Plaintiff's RICO claim is based on misappropriation." *See* Dkt. 79, pg. 33. Plaintiff's Opposition [Dkt. 95] to the Motion to Dismiss [Dkt. 62] similarly identifies the "thrust" of his RICO claim as being trade secret theft in violation of 18 U.S.C. § 1832. *See* Dkt. 95, pgs. 4 & 8. Interestingly, Plaintiff has yet to identify the allegations in the Amended Complaint showing that he ever owned a trade secret that could have been stolen in the first place. Over eleven pages of Defendants' Motion to Dismiss were dedicated to the argument that Plaintiff does not own any valid trade secrets. *See* Dkt. 62, pg. 3-15. If there were no trade secrets to be stolen, Defendants could not have engaged in *criminal* racketeering activity and Plaintiff's RICO claim must fail as a matter of law.

The very statute upon which Plaintiff relies to prove a racketeering activity plainly states that a trade secret can only exist "**if** the owner thereof has taken reasonable measures to keep such information secret." 18 U.S.C. § 1839(3)(A)

(emphasis added). The Amended Complaint makes clear that Plaintiff has a long history of failing to take reasonable secrecy efforts to protect the WAO2 firmware (the "Firmware"). The first version of the Firmware was stolen by a third party (who is unrelated to any of the Defendants) when, in a prior, unrelated transaction, Plaintiff allowed Chain to market the first version without a plan for protecting it against unauthorized use and/or disclosure. *See* Dkt. 1, ¶ 54-55. The Amended Complaint outlines the manners in which Plaintiff continued his pattern of ignoring all safety precautions by (1) providing Chain access to the second version of the Firmware and allowing Chain to market it to third parties, all without requesting or obtaining a confidentiality agreement from Chain [Dkt. 52, ¶¶ 47 & 51-2]; (2) allowing Treis to gain access to the Firmware without requesting or obtaining a confidentiality agreement [Dkt. 52, ¶ 80]; (3) failing to request or require confidentiality restrictions from a computer fabricator that Plaintiff knew would have access to the machines on which the Firmware was installed - Plaintiff even provided instruction for use by the fabricator when working on such machines [Dkt. 52, ¶¶ 129-134]; and (4) allowing VNish Mining Software Company to install and use the Firmware, again without a confidentiality agreement in place [Dkt. 52, ¶¶ 52, 183].

While Defendants' Motion to Dismiss alleges other manners in which Plaintiff failed to take reasonable safety precautions, the above instances show that *even prior to the occurrence of any alleged misrepresentations and/or misappropriations, Plaintiff failed to take any action intended to prevent the exact type of unauthorized access, use*

*and/or disclosure of the Firmware about which he now complains.* **And this is not Plaintiff's first rodeo. His previous lack of safety precautions resulted in the misappropriation of the first version of the Firmware.** Plaintiff's continued lack of safety precautions did not extend just to Defendants. When trying to license the current Firmware to VNish, he provided VNish with a copy of the Firmware with no confidentiality restrictions.

The lack of a confidentiality agreement is a "common thread in cases" finding a lack of reasonable secrecy efforts, *Physiotherapy Assocs., v. ATI Holdings, LLC*, 592 F. Supp. 3d 1032, 1034-35 (N.D. Ala. 2022), and a mere expectation of confidentiality is insufficient. *See Greenberg v. Miami Children's Hosp. Research Inst., Inc.*, 264 F. Supp. 2d 1064, 1077 (S.D. Fla. 2003). The law is clear that "[d]isclosing the information to others who are under no obligation to protect the confidentiality of the information defeats any claim that the information is a trade secret." *Core Labs. LP v. AMSPEC*, 2018 U.S Dist. LEXIS 228565, *52 (S.D.. Ala. May 10, 2018) (quoting *M.C. Dean, Inc. v. City of Miami Beach*, 199 F. Supp. 3d 1349, 1353 (S.D. Fla. 2016)).

Even if the Court finds that Plaintiff took reasonable secrecy efforts to protect the Firmware <u>*from Defendants*</u>, his unrestricted disclosure <u>*to VNish and/or the third-party fabricator*</u> destroys his ability to claim the Firmware is a trade secret. Because Plaintiff did not own a trade secret, Defendants could not have stolen it from him in violation of 18 U.S.C. § 1832. Therefore, Defendants did not engage in a criminal racketeering activity as is required by RICO.

### II.  Plaintiff has failed to establish the existence of an enterprise under RICO.

"Essential to any successful RICO claim are the basic requirements of establishing a RICO enterprise and a 'pattern of racketeering activity'." *Jackson*, 372 F.3d at 1264. Plaintiff fails to plausibly allege an "enterprise" under RICO because on its face, the Amended Complaint demonstrates Defendants could not have formed an association in fact, because the Defendants did not "have sufficient relationships" or "function as a continuing unit" as is required. *Almanza v. United Airlines, Inc.,* 851 F.3d 1060, 1067-68 (11th Cir. 2017). The Amended Complaint shows that Defendants did not have an agreement, plan or even a common goal for stealing Plaintiff's trade secrets as is required to show that Defendants were working together as a continuing unit.  Instead, Plaintiff has alleged the existence of several parties, each of whom were acting in a disjointed, reactionary manner to protect their own best interests and, at times, against the interests of the other parties.  *See* Dkt. 52, ¶¶ 372, 375, 383 and 398. The fact that one of the alleged conspirators (Treis) sued two of the other conspirators (Chain & CEL) is evidence that Defendants were not working together.

Plaintiff argues that the Defendants formed two separate enterprises, (a) the Treis enterprise, consisting of Treis, Treis' members, and later Stronghold; and (b) the Chain enterprise, comprising Chain and his company (CEL).  This argument fails for at least three reasons.

First, to constitute an enterprise for RICO, the individual enterprises must form

a larger enterprise. *See Pahmer v. Greenberg*, 926 F. Supp. 287, 300 (E.D.N.Y. 1996) ("plaintiffs have alleged the existence of three enterprises…it is clear that all were encompassed in…a single enterprise"). As *Pahmer* explains, each enterprise may have a specific role to play, but the role of each enterprise must fit within the overall enterprise. *Pahmer*, 926 F. Supp. at 300 ("Although plaintiffs have alleged the existence of three enterprises (one for solicitation of investors, one for running the company, and one for continued funding of the company), it is clear that all were encompassed in the Video USA Enterprise. Accordingly, we will presume the existence of but a single enterprise called the Video USA Enterprise. Plaintiffs have thus adequately alleged an enterprise"). Unlike *Pahmer*, there is no single enterprise encompassing the defendants' conduct and/or operating as a cohesive group. Plaintiff's Amended Complaint specifically states that the two enterprises were at odds with one another, which resulted in one enterprise stealing from and subsequently suing the other. *See* Dkt. 52, ¶¶ 383 & 188-194.

Second, the Amended Complaint makes clear that Treis was working against Stronghold. *See* Dkt. 52, ¶ 398 (Defendants Treis and each of its Managing Directors…continued to perpetrate frauds on both Stronghold and Plaintiff…"). Therefore, Treis and Stronghold could not be working together part of the same enterprise. Even if Treis and Stronghold were working together at one point, such an alliance ended at the point when the machines were sold to Stronghold, thus they could not be acting as a "continuing unit" as required. *Almanza,* 851 F.3d at 1067.

Third, there is no mention of how Cevon Technologies fits into either the Treis enterprise or the Chain enterprise. The Amended Complaint makes clear that Cevon Technologies (who purchased the Firmware from Chain/CEL) was cut out of the subsequent sale to Stronghold. *See* Dkt. 52, ¶¶ 104, 109-112.

At best, the Amended Complaint alleges that the Defendants engaged in parallel conduct that resulted in the theft of Plaintiff's trade secret. In *Almanza*, the Eleventh Circuit found that the parallel conduct of Defendants did not allege sufficient relationships among Defendants to support a RICO claim. The Eleventh Circuit explained the pleading standard for a RICO enterprise as follows.

> To show that Defendants acted as a continuing *unit*, and not merely independently, Plaintiffs conclusorily allege that Defendants entered into an agreement, either express or tacit…But since Plaintiffs do not allege facts showing that this alleged agreement actually exists, their allegations simply recite a legal conclusion – the existence of an agreement…
>
> Plaintiffs surely recognize this because their real argument is that the Court should infer an agreement – and thus an enterprise – from the parallel conduct of Defendants. And Plaintiffs have indeed alleged parallel conduct....
>
> But parallel conduct alone cannot support a plausible inference of an agreement. In *Twombly*, the Supreme Court rejected as inadequate the conclusory allegation of a conspiratorial agreement, despite the fact that the allegation was coupled with allegations of parallel conduct. Parallel conduct, the Court explained, can just as easily indicate "independent action" as it can collusion. *See Twombly*, 550 U.S. at 556-57. To cross the line from a possible to a plausible existence of an agreement, **plaintiffs must allege a "further circumstance pointing toward a meeting of the minds."** *Id.* at 557. Without that "further factual enhancement," "an account of a defendant's commercial efforts stays in neutral territory." *Id.*

*Almanza*, 851 F.3d at 1068 (emphasis added). Thus, to establish a conspiratorial agreement, a plaintiff must "assert allegations explaining how exactly the defendants

went about entering into an agreement with each other. It wasn't enough that the defendants all ended up doing the same fraudulent thing." *Id.* (citing *American Dental*, 605 F.3d at 1291). Although an "enterprise" and "conspiracy" are distinct RICO elements, the *Twombly* parallel-conduct pleading standard "applies equally to both RICO enterprise and RICO conspiracy allegations." *Id.* at 1068, fn. 6.

As in *Almanza*, Plaintiff's Amended Complaint fails to sufficiently allege relationships among the Defendants to show a continuing unit. The fact that the enterprises and/or their members were stealing from one another, lying to one another and in some instances suing one another shows that there was no agreement or meeting of the minds for allegedly stealing Plaintiff's trade secret. "It [i]sn't enough that the defendants all ended up doing the same fraudulent thing" the Defendants must have had an agreement, meeting of the minds or acted as a continuing unit. *Almanza*, 851 F.3d at 1068.

At best, Plaintiff's allegations show sequential conduct by Defendants who allegedly "all ended up doing the same fraudulent thing," and Plaintiff's request that the Court infer the necessary agreement has been rejected by both the U.S. Supreme Court and the Eleventh Circuit.

**III. Plaintiff has failed to establish a "pattern" of racketeering activity.**

"To successfully allege a pattern of racketeering activity, plaintiffs must charge that: (1) the defendants committed two or more predicate acts within a ten-year time span; (2) the predicate acts were related to one another; and (3) the predicate acts

demonstrated criminal conduct of a continuing nature." *Jackson*, 372 F.3d at 1250.

### A. Plaintiff has failed to allege two or more predicate acts by Treis, its members or Stronghold.

Plaintiff alleges that Treis stole his Firmware [Dkt. 52, ¶ 383] and then continued to use and profit from Plaintiff's Firmware [Dkt. 52, ¶¶ 382, 383]. While Treis's alleged theft of Plaintiff's Firmware is incorporated into RICO's list of prohibited criminal activity, the misappropriation or use of a trade secret is not. The only predicate act that Treis, its members or Stronghold alleged committed was the theft of Plaintiff's trade secret.

Misappropriation or use of a trade secret without consent is not included in RICO's list of criminal acts, which define "racketeering activity." *See* 18 U.S.C. § 1961. The law is clear that "the 'use' of a trade secret would not be indictable under section 1832 [Theft of Trade Secrets] because it is not one of the acts described in the statute. Likewise, 'use' of a trade secret, though independently actionable under section 1836 [Defend Trade Secrets Act], is not a RICO predicate because it is not included in the definition of racketeering activity under section 1961." *ESPOT, Inc. v. Myvue Media, LLC*, 492 F. Supp. 3d 672, 694 (E.D. Tex. 2020).

Whether committed by the Chain, CEL, Treis or Stronghold, the alleged theft of Plaintiff's trade secret is a single act which occurred at a single point in time Defendants can only "steal" Plaintiff's trade secret once. After the trade secret is stolen, there is nothing left to steal from Plaintiff. Any subsequent use, disclosure or transfer of the

Firmware by any of the Defendants may constitute "misappropriation" but it cannot constitute "theft" and is not sufficient to establish a second predicate act under RICO. *See ESPOT,* 492 F. Supp. 3d at 694; 18 U.S.C. § 1961; 18 U.S.C. § 1832. Plaintiff has therefore failed to allege two or more predicate acts by Treis, its member or Stronghold necessary to establish a pattern of racketeering activity.

### B. Plaintiff has failed to sufficiently allege a threat of continuing criminal activity.

To prove a pattern, plaintiff must demonstrate the alleged predicate acts "themselves amount to, or . . . otherwise constitute a threat of, continuing racketeering activity." *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 240, 109 S. Ct. 2893, 106 L. Ed. 2d 195 (1989). "Continuity is both a closed- and open-ended concept, referring either to a closed period of repeated conduct, or to past conduct that by its nature project into the future with a threat of repetition." *Id.* at 241 (citation omitted). In either case, there must be some allegation of a threat of repetition.

Plaintiff argues that "there is a threat of continued criminal activity because…each [Defendant] may continue to misappropriate, use, and profit from WAO2 in defiance of [Plaintiff]'s rights." Dkt. 95, p. 13. Plaintiff's exact argument has been expressly rejected. The Eastern District of Texas explained that because "the criminal [RICO] statute is limited to the point in time that a trade secret falls into unauthorized hands, then the ongoing use of the trade secrets once obtained cannot be a predicate act to establish a threat of continued criminal activity." *ESPOT,* 492 F.

Supp. 3d at 695. The *ESPOT* court explained that because "use" of a trade secret is not a predicate act under RICO, plaintiffs "cannot rely on allegations that the Defendants are using its trade secrets, and will continue to do so, to establish an open-ended pattern of racketeering activity." *Id. See also Nw. Osteoscreening, Inc. v. Mountain View Hops.*, LLC, 2014 U.S. Dist. LEXIS 141407, at *6 (D. Idaho Oct. 2, 2014) (finding plaintiff failed to plead pattern of racketeering activity because "the theft or fraud ceases once the trade secret is obtained"); *Binary Semantics Ltd. v. Minitab, Inc.*, 2008 U.S. dist. LEXIS 28602, at *4 (M.D. Pa. Mar. 20, 2008) ("The theft of trade secrets necessarily implies that they will be used. Therefore, under [the] plaintiff's theory, every misappropriation of trade secrets could result in a RICO claim. This would surely expand the scope of the statute beyond what it was intended to reach"). Therefore, Plaintiff cannot show that Defendants' "predicate acts demonstrate criminal conduct of a continuing nature" as is required.

Even if misappropriation was sufficient to prove a pattern, Plaintiff's allegations are asserted "on information and belief" which constitute conclusory allegations "insufficient to defeat a motion to dismiss." *Resnick v. Troy*, 2019 WL 2092567 (M.D. Ala. May 13, 2019). "The open-ended inquiry requires more than simply alleging unsupported suspicions Plaintiff will suffer future economic harm as a result of Defendants' past conduct." *Fla. Beauty Flora v. Pro Intermodal L.L.C.*, 2020 U.S. Dist. LEXIS 124582, at *27 (S.D. Fla. July 15, 2020). The Court in *Fla. Beauty* found that "Plaintiff's lone, general allegation [that it will continue to suffer economic harm as a

result of Perez's *past* conduct] is insufficient to meet the open-ended continuity requirement necessary to sustain a RICO violation." *Id.* at 26, 28.

Here, Plaintiff offers no factual allegations establishing a distinct threat of ongoing or future racketeering activity by Defendants, and merely sets forth his suspicions that Treis, "on information and belief, continues to use WAO2," and "[i]f they are not using WAO2, on information and belief they have reverse engineered it." Dkt. 52 (Am. Compl. ¶¶ 302, 304, 393. 399). Plaintiff's suspicions and conclusory allegations based on information and belief are insufficient to meet the open-ended continuity requirement necessary to plausibly allege a RICO violation.

**IV.    Plaintiff may not rely on wire fraud or securities fraud as a "racketeering activity" because neither are mentioned in the Amended Complaint as required by Rule 9(b).**

While Plaintiff's Opposition [Dkt. 95] identifies Defendants' racketeering activity as including (1) wire fraud in violation of 18 U.S.C. § 1343 and (2) securities fraud (without citation to the statute prohibiting such actions), the Amended Complaint completely fails (a) to mention either of these statutes, by name or citation, (b) to identify the violation of these statutes as a basis for Plaintiff's RICO claim or (c) to identify actions that purportedly violate either of these statutes. Plaintiff's Opposition [Dkt. 79] to Defendants' Motion to Transfer [Dkt. 60] similarly fails to mention or otherwise discuss any aspect of these statutes or how Defendants have violated them. To the contrary, Plaintiff's Opposition clearly states that "Plaintiff's RICO claim is based on misappropriation" because "a RICO violation cannot be based on

misrepresentation, which is not a predicate act." *See* Dkt. 79, pg. 33.

Rule 9(b) of the Rules of Civil Procedure holds Plaintiff to a heightened pleading standard for issues involving fraud. The Amended Complaint's failure to mention the wire fraud and/or securities fraud statutes fails to place Defendants on notice of the claims being made against them or to comply with Rule 9(b). *See Ambrosia Coal & Const. Co. v. Pages Morales*, 482 F.3d 1309, 1316 (11th Cir. 2007). Arguably, this failure violates Rule 8(a), which requires a short and plain statement of the claim showing that the pleader is entitled to relief.

But even if the Amended Complaint complied with Rules 8(a) and 9(b), Plaintiff's claims regarding violation of the wire fraud and/or securities fraud act are insufficient and should be disregarded by the Court. The Eleventh Circuit has "long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority." *Donaldson v. Geo Grp., Inc.*, 2024 U.S. App. LEXIS 4663, *3 (11th Cir. Feb. 28, 2024) (citing *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014)). Plaintiff's 11th hour affidavit is inappropriate and shows the wire fraud allegations should be dismiss as insufficiently pled. *Lewis v. Asplundh Tree Expert Co.*, 305 Fed. Appx. 623, 627 (11th Cir. 2008) (Under Rule 12(b)(6), "the district court must limit its consideration to the pleadings and exhibits").

## **CONCLUSION**

RICO is meant to provide a remedy to those who have been injured by a continuing criminal enterprise. The Amended Complaint does not allege criminal conduct.  Plaintiff's RICO claim must fail as a matter of law because (1) Plaintiff's own inaction precluded trade secret protection, meaning there was no trade secret for Defendants to steal; (2) Defendants were acting independently and at times got so sideways with one another that they sued each other – they were not acting as a continuing unit with an agreement or common purpose; and (3) there is no pattern of racketeering activity because none of the Defendants committed two or more predicate acts and even if they did, the predicate acts do not demonstrate criminal conduct of a continuing nature.

Respectfully submitted this  22nd  day of April 2024.

| | |
|---|---|
| /s Joshua J. Jackson | /s Hunter S. Freeman |
| Joshua J. Jackson (ASB-8286-U79J) | Hunter S. Freeman (pro hac vice) |
| **SAMFORD & DENSON, LLP** | **KIM LAHEY & KILLOUGH LAW FIRM** |
| P.O. Box 2345 | 3620 Pelham Road, PMB #213 |
| Opelika, AL  36803-2345 | Greenville, SC 29615 |
| Telephone (334) 745-3504 | Phone: (864) 973-6688 |
| Email: jackson@samfordlaw.com | hfreeman@kimandlahey.com |

Attorneys for Defendants Treis Blockchain, LLC, Cevon Technologies, LLC, Stronghold Digital Mining, LLC, Michael Bolick, Brian Lamberti, David Pence, and Senter Smith

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the __22nd__ day of __April__, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to the following:

Jonathan K. Corley  
WHITTELSEY & CORLEY, LLC  
PO Box 106  
Opelika, AL 36803-0106  
jcorley@wwp-law.com

Carissa V. Sears  
The Sears Law Office, LLC  
7887 E. Belleview Ave. Suite 1100  
Greenwood Village, CO 80111  
carissa@searslaw.org

Clifton E. Slaten  
Slaten Law, P.C.  
7027 Halcyon Park Drive  
Montgomery, AL 36117  
cslaten@slatenlaw.com

                                             /s Joshua J. Jackson  
                                             OF COUNSEL