# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

| | | |
|---|---|---|
| **MARK GRAMS,** | ) | |
| **an individual Alabama citizen,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No.** |
| **vs.** | ) | **3:23-CV-00299-SMD** |
| | ) | |
| **TREIS BLOCKCHAIN, LLC,** | ) | |
| **CHAIN ENTERPRISES, LLC,** | ) | |
| **CEVON TECHNOLOGIES, LLC,** | ) | |
| **STRONGHOLD DIGITAL MINING,** | ) | |
| **LLC, DAVID PENCE, MICHAEL** | ) | |
| **BOLICK, SENTER SMITH,** | ) | |
| **BRIAN LAMBRETTI, AND** | ) | |
| **JOHN CHAIN,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS CLAIM V (RICO) FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO F.R.C.P. Rule 12(b)

COME NOW Defendants Chain Enterprises, LLC (hereinafter "CEL"), and John Chain (hereinafter collectively referred to as "Chain Defendants"), by and through the undersigned counsel, and file this Reply to Plaintiff's Response to Defendants' Motion Dismiss Claim V (RICO) For Failure to State a Claim Upon Which Relief Can be Granted Pursuant to F.R.C.P. Rule 12(b). (hereinafter "Response Brief") (Doc. 95).

1

**ARGUMENT**

The Chain Defendants' Motion to Dismiss (Doc.) 63 should be granted and Plaintiff's request for relief in his Response Brief should be denied because he (1) failed to show that Defendants shared a common purpose and acted as a continuing unit as is required to participate in an enterprise; (2) failed to show that Defendants engaged in a pattern of racketeering activity; (3) failed to comply with Rule 9(b)'s heightened pleading standard sufficient "to inform each defendant of the nature of his alleged participation in the fraud." *DePaola v. Nissan North America, Inc.*, 2006 U.S. Dist. LEXIS 29084, at *34 (M.D. Ala. May 2, 2006); and (4) failed to address Defendants' assertion that he abandoned his RICO claim as to these Defendants. Because Plaintiff has failed to state a plausible RICO claim, he cannot take advantage of RICO's nationwide service-of-process to establish personal jurisdiction over Defendants, and his RICO claim should be dismissed.

Plaintiff's Amended Complaint describes a dispute, the essence of which is that Plaintiff was not paid in the agreed upon amounts and/or methods. RICO, however, is reserved for instances in which a group of defendants form a *criminal* enterprise to engage in criminal *conduct* that constitutes a pattern of racketeering activity. *See* 18 U.S.C. § 1961 ("'racketeering activity' means....(B) any act which is indictable under any of the following provisions of title 18 United States Code" which is entitled Crimes and Criminal Procedure). Simply proving criminal

2

conduct is not enough: "RICO targets ongoing criminal activity, rather than sporadic, isolated criminal acts…"  *See Jackson v. Bellsouth Telecomms.*, 372 F.3d 1250, 1264-65 (11th Cir. 2004).   "The 'pattern' element of the [RICO] statute was designed to limit its application to planned, ongoing, continuing crime as opposed to sporadic, unrelated, isolated criminal episodes." *Id.* at 1264.

In the context of a motion to dismiss, "claims under RICO must be subjected to scrutiny due to their potential for abuse by civil litigants."   *Depaola*, 2006 U.S. Dist. LEXIS 29084, *32 (quoting *Bill Buck Chevrolet, Inc. v. GTE Fla., Inc*., 54 F. Supp. 2d 1127, 1132 (M.D. Fla. 1999)). Plaintiff has not and cannot allege facts sufficient to show Defendants formed an enterprise with a common purpose of engaging in "planned, ongoing continuing crime" for the purpose of stealing Plaintiff's trade secrets.

## I.    Plaintiff has failed to establish the existence of an enterprise under RICO.

To establish a civil RICO claim under 18 U.S.C. § 1962(c), a plaintiff must "establish that a defendant (1) operated or managed (2) an enterprise (3) through a pattern (4) of racketeering activity that included at least two racketeering acts." *Ray v. Spirit Airlines, Inc.,* 767 F.3d 1220, 1224 (11th Cir. 2014).

Plaintiff's Response Brief is essentially an attempt to amend his pleadings to assert new RICO claims. In his Amended Complaint, Plaintiff focused on the

relationship between the Chain Defendants and the other defendants in this case. ("Defendants are associated as an enterprise." Doc. 52, ¶ 370; CEL and Chain initiated the enterprise forming Cevon to steal WAO2 and its Trade Secrets from Grams. Doc. 52, ¶ 373.)

The Chain Defendants have previously argued why the Plaintiff failed to plead a RICO claim, and Plaintiff abandoned his RICO claim by not responding to the Chain Defendants' arguments in his prior responsive pleading. Now Plaintiff wants to assert that Chain and CEL were a RICO enterprise, in addition to an enterprise consisting of Treis, Treis' members, and later Stronghold. This argument fails for a number of reasons.

First, to constitute an enterprise for RICO, the individual enterprises must form a larger enterprise. *See Pahmer v. Greenberg*, 926 F. Supp. 287, 300 (E.D.N.Y. 1996) ("plaintiffs have alleged the existence of three enterprises…it is clear that all were encompassed in…a single enterprise"). As *Pahmer* explains, each enterprise may have a specific role to play, but the role of each enterprise must fit within the overall enterprise. *Pahmer*, 926 F. Supp. at 300 ("Although plaintiffs have alleged the existence of three enterprises (one for solicitation of investors, one for running the company, and one for continued funding of the company), it is clear that all were encompassed in the Video USA Enterprise. Accordingly, we will presume the existence of but a single enterprise called the

Video USA Enterprise. Plaintiffs have thus adequately alleged an enterprise"). Unlike *Pahmer*, there is no single enterprise encompassing the defendants' conduct and/or operating as a cohesive group. Plaintiff's Amended Complaint specifically states that the two enterprises were at odds with one another, which resulted in one enterprise stealing from and subsequently suing the other. *See* Doc. 52, ¶¶ 383 & 188-194.

Next, there is no mention of how Cevon Technologies fits into either the Treis enterprise or the Chain enterprise. The Amended Complaint makes clear that Cevon Technologies (who purchased the Firmware from Chain/CEL) was cut out of the subsequent sale to Stronghold. *See* Doc. 52, ¶¶ 104, 109-112.

At best, the Amended Complaint alleges that the Defendants engaged in parallel conduct that resulted in the theft of Plaintiff's trade secret. In *Almanza*, the Eleventh Circuit found that the parallel conduct of Defendants did not allege sufficient relationships among Defendants to support a RICO claim. The Eleventh Circuit explained the pleading standard for a RICO enterprise as follows.

> To show that Defendants acted as a continuing *unit*, and not merely independently, Plaintiffs conclusorily allege that Defendants entered into an agreement, either express or tacit…But since Plaintiffs do not allege facts showing that this alleged agreement actually exists, their allegations simply recite a legal conclusion – the existence of an agreement…
>
> Plaintiffs surely recognize this because their real argument is that the Court should infer an agreement – and thus an enterprise – from the parallel conduct of Defendants. And Plaintiffs have indeed alleged parallel conduct....

But parallel conduct alone cannot support a plausible inference of an agreement. In *Twombly*, the Supreme Court rejected as inadequate the conclusory allegation of a conspiratorial agreement, despite the fact that the allegation was coupled with allegations of parallel conduct. Parallel conduct, the Court explained, can just as easily indicate "independent action" as it can collusion. *See Twombly*, 550 U.S. at 556-57. To cross the line from a possible to a plausible existence of an agreement, **plaintiffs must allege a "further circumstance pointing toward a meeting of the minds."** *Id.* at 557. Without that "further factual enhancement," "an account of a defendant's commercial efforts stays in neutral territory." *Id.*

*Almanza v. United Airlines, Inc.*, 851 F.3d 1060, 1068 (11th Cir. 2017) (emphasis added). Thus, to establish a conspiratorial agreement, a plaintiff must "assert allegations explaining how exactly the defendants went about entering into an agreement with each other. It wasn't enough that the defendants all ended up doing the same fraudulent thing." *Id.* (citing *American Dental*, 605 F.3d at 1291). Although an "enterprise" and "conspiracy" are distinct RICO elements, the *Twombly* parallel-conduct pleading standard "applies equally to both RICO enterprise and RICO conspiracy allegations." *Id.* at 1068, fn. 6.

As in *Almanza*, Plaintiff's Amended Complaint fails to sufficiently allege relationships among the Defendants to show a continuing unit. The fact that the enterprises and/or their members were stealing from one another, lying to one another and in some instances suing one another shows that there was no agreement or meeting of the minds for allegedly stealing Plaintiff's trade secret. "It [i]sn't enough that the defendants all ended up doing the same fraudulent thing"

the Defendants must have had an agreement, meeting of the minds or acted as a continuing unit. *Almanza*, 851 F.3d at 1068.

At best, Plaintiff's allegations show sequential conduct by Defendants who allegedly "all ended up doing the same fraudulent thing," and Plaintiff's request that the Court infer the necessary agreement has been rejected by both the U.S. Supreme Court and the Eleventh Circuit.

## II. Plaintiff has failed to establish a "pattern" of racketeering activity.

"To successfully allege a pattern of racketeering activity, plaintiffs must charge that: (1) the defendants committed two or more predicate acts within a ten-year time span; (2) the predicate acts were related to one another; and (3) the predicate acts demonstrated criminal conduct of a continuing nature." *Jackson*, 372 F.3d at 1250.

## A. Plaintiff has failed to allege two or more predicate acts by the Chain Defendants.

Plaintiff alleges that the Chain Defendants stole his Firmware (Doc. 52, ¶ 373) and wants to allege that stealing alleged earnings from a Dev Fee constitute a second predicate act. (Doc. 52, ¶¶ 380). While Chain's alleged theft of Plaintiff's Firmware is incorporated into RICO's list of prohibited criminal activity, the

misappropriation or use of a trade secret is not.   The only predicate act that Chain or CEL allegedly committed was the theft of Plaintiff's trade secret.

Misappropriation or use of a trade secret without consent is not included in RICO's list of criminal acts, which define "racketeering activity." *See* 18 U.S.C. § 1961.  The law is clear that "the 'use' of a trade secret would not be indictable under section 1832 [Theft of Trade Secrets] because it is not one of the acts described in the statute. Likewise, 'use' of a trade secret, though independently actionable under section 1836 [Defend Trade Secrets Act], is not a RICO predicate because it is not included in the definition of racketeering activity under section 1961." *ESPOT, Inc. v. Myvue Media, LLC*, 492 F. Supp. 3d 672, 694 (E.D. Tex. 2020).

Whether committed by the Chain, CEL, Treis or Stronghold, the alleged theft of Plaintiff's trade secret is a single act which occurred at a single point in time Defendants can only "steal" Plaintiff's trade secret once.   After the trade secret is stolen, there is nothing left to steal from Plaintiff.   Any subsequent use, disclosure or transfer of the Firmware by any of the Defendants may constitute "misappropriation" but it cannot constitute "theft" and is not sufficient to establish a second predicate act under RICO.  *See ESPOT*, 492 F. Supp. 3d at 694; 18 U.S.C. § 1961; 18 U.S.C. § 1832. Plaintiff has therefore failed to allege two or

more predicate acts by the Chain Defendants necessary to establish a pattern of racketeering activity.

Plaintiff's Response Brief, when discussing the Chain Defendants and their alleged attempt to accomplish theft through misrepresentation and misappropriation, states that this "smacks of securities fraud, yet another 18 U.S.C. § 1961 offense." (Doc. 95, p.9). The U.S. Court of Appeals for the 11th Circuit has said, however, that a Plaintiff "may not rely upon securities fraud as a predicate act unless the defendant was criminally convicted in connection with the fraud." *Joseph v. Bernstein*, 612 Fed. Appx. 551, 556, 2015 U.S. App. LEXIS 7777, *13, 2015 WL 2190849. Furthermore, simple theft is not one of the listed offenses for RICO. *Id.* Plaintiff now wants to claim, for the first time, that the alleged misappropriation of the Dev Fee is wire fraud to get around this. Plainly put, Plaintiff has not sufficiently plead two or more predicate acts.

## B.    Plaintiff has failed to sufficiently allege a threat of continuing criminal activity.

To prove a pattern, plaintiff must demonstrate the alleged predicate acts "themselves amount to, or . . . otherwise constitute a threat of, continuing racketeering activity." *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 240, 109 S. Ct. 2893, 106 L. Ed. 2d 195 (1989). "Continuity is both a closed- and open-ended concept, referring either to a closed period of repeated conduct, or to past conduct

that by its nature project into the future with a threat of repetition." *Id.* at 241 (citation omitted).  In either case, there must be some allegation of a threat of repetition.

Plaintiff argues that "there is a threat of continued criminal activity because…each [Defendant] may continue to misappropriate, use, and profit from WAO2 in defiance of [Plaintiff]'s rights." (Doc. 95, p. 13.) Plaintiff's exact argument has been expressly rejected.  The Eastern District of Texas explained that because "the criminal [RICO] statute is limited to the point in time that a trade secret falls into unauthorized hands, then the ongoing use of the trade secrets once obtained cannot be a predicate act to establish a threat of continued criminal activity." *ESPOT,* 492 F. Supp. 3d at 695. The *ESPOT* court explained that because "use" of a trade secret is not a predicate act under RICO, plaintiffs "cannot rely on allegations that the Defendants are using its trade secrets, and will continue to do so, to establish an open-ended pattern of racketeering activity." *Id. See also Nw. Osteoscreening, Inc. v. Mountain View Hops., LLC*, 2014 U.S. Dist. LEXIS 141407, at *6 (D. Idaho Oct. 2, 2014) (finding plaintiff failed to plead pattern of racketeering activity because "the theft or fraud ceases once the trade secret is obtained"); *Binary Semantics Ltd. v. Minitab, Inc.*, 2008 U.S. dist. LEXIS 28602, at *4 (M.D. Pa. Mar. 20, 2008) ("The theft of trade secrets necessarily implies that they will be used. Therefore, under [the] plaintiff's theory, every misappropriation

of trade secrets could result in a RICO claim. This would surely expand the scope of the statute beyond what it was intended to reach"). Therefore, Plaintiff cannot show that Defendants' "predicate acts demonstrate criminal conduct of a continuing nature" as is required.

Even if misappropriation was sufficient to prove a pattern, Plaintiff's allegations are asserted "on information and belief" which constitute conclusory allegations "insufficient to defeat a motion to dismiss." *Resnick v. Troy*, 2019 WL 2092567 (M.D. Ala. May 13, 2019). "The open-ended inquiry requires more than simply alleging unsupported suspicions Plaintiff will suffer future economic harm as a result of Defendants' past conduct." *Fla. Beauty Flora v. Pro Intermodal L.L.C.*, 2020 U.S. Dist. LEXIS 124582, at *27 (S.D. Fla. July 15, 2020). The Court in *Fla. Beauty* found that "Plaintiff's lone, general allegation [that it will continue to suffer economic harm as a result of Perez's *past* conduct] is insufficient to meet the open-ended continuity requirement necessary to sustain a RICO violation." *Id.* at 26, 28.

Here, Plaintiff offers no factual allegations establishing a distinct threat of ongoing or future racketeering activity by the Chain Defendants. According to his Amended Complaint, Plaintiff and the Treis defendants cut the Chain Defendants out of the picture in 2021 and ceased interacting with them. See Doc. 52, ¶¶ 128, 149, 150, 153, 154, 155, 162. There are no allegations that Chain continued to steal

or misappropriate anything after that point. Plaintiff continued to work with Treis on WAO2 (Doc. 52, ¶ 162). Even the Dev Fees that are allegedly at dispute were redirected to a different digital wallet by Plaintiff. (Doc. 52, ¶ 154). Plaintiff's Complaint makes no indication that it was even possible for the Chain Defendants to misappropriate or steal after 2021. Plaintiff's new assertion that the Chain Defendants were part of an open-ended enterprise defies logic. Even if one is to take the Plaintiff's position that he has alleged two or more predicate acts, Plaintiff has not sufficiently alleged the threat of continuing activity.

**III.    Plaintiff may not rely on wire fraud or securities fraud as a "racketeering activity" because neither are mentioned in the Amended Complaint as required by Rule 9(b).**

While Plaintiff's Response Brief (Doc. 95) identifies Defendants' racketeering activity as including (1) wire fraud in violation of 18 U.S.C. § 1343 and (2) securities fraud (without citation to the statute prohibiting such actions), the Amended Complaint completely fails (a) to mention either of these statutes, by name or citation, (b) to identify the violation of these statutes as a basis for Plaintiff's RICO claim or (c) to identify actions that purportedly violate either of these statutes. Plaintiff's Opposition (Doc. 79) to Defendants' Motion to Dismiss (Doc. 63) similarly fails to mention or otherwise discuss any aspect of these statutes or how Defendants have violated them.   To the contrary, Plaintiff's

Opposition clearly states that "Plaintiff's RICO claim is based on misappropriation" (specifically in reference to the Treis Defendants as Plaintiff did not address the Chain Defendants) because "a RICO violation cannot be based on misrepresentation, which is not a predicate act."  *See* Doc. 79, pg. 33.

Rule 9(b) of the Rules of Civil Procedure holds Plaintiff to a heightened pleading standard for issues involving fraud. The Amended Complaint's failure to mention the wire fraud and/or securities fraud statutes fails to place Defendants on notice of the claims being made against them or to comply with Rule 9(b). *See Ambrosia Coal & Const. Co. v. Pages Morales*, 482 F.3d 1309, 1316 (11th Cir. 2007).  Arguably, this failure violates Rule 8(a), which requires a short and plain statement of the claim showing that the pleader is entitled to relief.

But even if the Amended Complaint complied with Rules 8(a) and 9(b), Plaintiff's claims regarding violation of the wire fraud and/or securities fraud act are insufficient and should be disregarded by the Court.  The Eleventh Circuit has "long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority." *Donaldson v. Geo Grp., Inc.*, 2024 U.S. App. LEXIS 4663, *3 (11th Cir. Feb. 28, 2024) (citing *Sapuppo v. Allstate Floridian Ins. Co*., 739 F.3d 678, 681 (11th Cir. 2014)).   Plaintiff's 11th hour affidavit is inappropriate and shows the wire fraud allegations should be dismiss as insufficiently pled.  *Lewis v.*

*Asplundh Tree Expert Co*., 305 Fed. Appx. 623, 627 (11th Cir. 2008) (Under Rule 12(b)(6), "the district court must limit its consideration to the pleadings and exhibits").

**IV.   Plaintiff has already abandoned his RICO claim against the Chain Defendants and cannot revive said claim.**

The Chain Defendants previously asserted that Plaintiff abandoned his RICO claim against these Defendants when he did not respond to the arguments made in the Chain Defendants' Motion to Dismiss. Plaintiff's Response Brief does nothing to address or argue against Defendants' abandonment argument. Accordingly, Plaintiff should not be allowed to revive an abandoned claim against these Defendants.

## <u>CONCLUSION</u>

RICO is meant to provide a remedy to those who have been injured by a continuing criminal enterprise. The Amended Complaint does not allege criminal conduct.   Plaintiff's RICO claim must fail as a matter of law because (1) Defendants were acting independently and at times got so sideways with one another that they sued each other – they were not acting as a continuing unit with an agreement or common purpose; and (2) there is no pattern of racketeering activity because even if the Defendants committed two or more predicate acts, the predicate acts do not demonstrate criminal conduct of a continuing nature.

Respectfully submitted,

/s/ Clifton E. Slaten
**CLIFTON E. SLATEN (ASB-4091-N73C)
ATTORNEY FOR CHAIN
ENTERPRISES, LLC and JOHN CHAIN**

**OF COUNSEL:
SLATEN LAW, P.C.
7027 Halcyon Park Drive**
Montgomery, Alabama   36117
(334) 396-8882 Telephone
(334) 398-8880 Facsimile
cslaten@slatenlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of April 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to the following:

Jonathan K. Corley
WHITTELSEY & CORLEY, LLC
PO Box 106
Opelika, AL 36803-0106
jcorley@wwp-law.com

Joshua J. Jackson
SAMFORD & DENSON, LLP
P.O. Box 2345
Opelika, AL 36803-2345
Telephone (334) 745-3504
Email: jackson@samfordlaw.com

Carissa V. Sears
The Sears Law Office, LLC
7887 E. Belleview Ave. Suite 1100
Greenwood Village, CO 80111
carissa@searslaw.org

Hunter S. Freeman
KIM LAHEY &
KILLOUGH LAW FIRM
3620 Pelham Road, PMB #213
Greenville, SC 29615
Phone: (864) 973-6688
hfreeman@kimandlahey.com

/s/ Clifton E. Slaten
**Of Counsel**