IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| MARK GRAMS, ) <br> an individual Alabama citizen, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> TREIS BLOCKCHAIN, LLC, ) <br> CHAIN ENTERPRISES, LLC, ) <br> CEVON TECHNOLOGIES, LLC, ) <br> STRONGHOLD DIGITAL MINING, ) <br> LLC, DAVID PENCE, MICHAEL ) <br> BOLICK, SENTER SMITH, ) <br> BRIAN LAMBRETTI, AND ) <br> JOHN CHAIN, ) <br> ) <br> Defendants. ) | Civil Action No. <br> 3:23-CV-00299-SMD |

**REPLY IN SUPPORT OF DEFENDANTS' RENEWED AND SUPPLEMENTAL MOTION TO DISMISS PURSUANT TO RULE 12(B)(6)**

COME NOW Defendants John Chain and Chain Enterprises, LLC ("Defendants"), by and through the undersigned counsel, and state as follows:

**RESPONSE TO PLAINTIFF'S INTRODUCTION**

Plaintiff, in the Introduction to his Response, states that "[t]he Chain Defendants' motion primarily rests on factual defenses inoperable at this stage of the proceedings." The facts that these Defendants are basing their Motion to Dismiss on are facts plead by the Plaintiff; facts that, whether true or not, are assumed to be true at the motion to dismiss stage. See *Gulf S. Communications, Inc. v. Woof, Inc.,* 2021 WL 2405199, at *1 (M.D. Ala.June 11, 2021) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)) ("To survive a

1

motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'.").

If Plaintiff did not want to be subject to dismissal based on facts he himself plead, he should not have plead facts that would subject him to dismissal.

A. **Plaintiff has failed to state a claim for Misappropriation pursuant to 18 U.S.C. § 1836 (Count 1)**

Plaintiff believes, based on his most recent arguments which state, among other things, "Defendants confuse misappropriation with sale," that the mere act of Treis having possession of WAO2 ("delivery of WAO2 to Treis") amounts to misappropriation on the part of the Chain Defendants, even though Plaintiff knew Treis had WAO2 in its possession, wanted Treis to have WAO2 on its machines, and continued to "optimize" WAO2 for use on Treis' machines. Doc. 52, ¶¶ 69, 71, 74, 84, 93, 94, 171, 172, 177, among others.

Plaintiff's allegations and current position on "misappropriation" do not align with the meaning of "misappropriation" pursuant to 18 U.S.C. § 1839(5), and Plaintiff has failed to plead a cause of action against these Defendants in Count 1 of Plaintiff's Complaint. 18 U.S.C. § 1839(5) defines misappropriation as:

> "(A) acquisition of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means; or
> (B) disclosure or use of a trade secret of another without express or implied consent by a person who—
>     (i) used improper means to acquire knowledge of the trade secret;
>     (ii) at the time of disclosure or use, knew or had reason to know that the knowledge of the trade secret was—

2

> (I) derived from or through a person who had used improper means to acquire the trade secret;
> (II) acquired under circumstances giving rise to a duty to maintain the secrecy of the trade secret or limit the use of the trade secret; or
> (III) derived from or through a person who owed a duty to the person seeking relief to maintain the secrecy of the trade secret or limit the use of the trade secret; or
> (iii) before a material change of the position of the person, knew or had reason to know that—
> (I) the trade secret was a trade secret; and
> (II) knowledge of the trade secret had been acquired by accident or mistake;"

18 USCS § 1839.

The alleged trade secret in question, WAO2, was not acquired by improper means, as Plaintiff allegedly wanted these Defendants' help in distributing and monetizing WAO2. Doc. 52, ¶ 51. Nor was WAO2 disclosed or used without express or implied consent. Id. Any alleged misappropriation, if there in fact was any misappropriation at all, had to occur after the Chain Defendants were out of the picture, as the only party to whom the Chain Defendants are accused of distributing WAO2 to acknowledged Plaintiff's ownership of WAO2 after the Chain Defendants were out of the picture. Doc. 52, § 172-177.

## B. <u>Plaintiff has failed to plead a viable RICO claim against these Defendants (Count 5)</u>

Plaintiff's arguments as to why he believes he plead a plausible claim for a RICO violation against these Defendants fail to adequately refute the assertions these Defendants made in their Motion to Dismiss. Doc. 108.

Defendants previously argued that Plaintiff failed to plead a "pattern of racketeering" and that remains true, despite Plaintiff's argument about these Defendants

3

committing more than one racketeering act. Multiple instances of deception do not show a pattern of racketeering when they are all in furtherance of a single fraud. *Bandyopadhyay v. Obei*, 2023 U.S. Dist. Lexis 33382 *6, 2023 WL 2263552 (S.D. Fla. February 28, 2023). A single fraud is essentially all that Plaintiff has alleged, although Defendants would dispute even that assertion, as Plaintiff's Complaint against these Defendants boils down to a dispute over allegedly unpaid Dev Fees.

The 7th Circuit has stated that Congress did not have purely private business disputes in mind when fashioning the civil RICO statute's damage remedy. *Midwest Grinding Co. v. Spitz*, 976 F.2d 1016, 1025 (7th Cir. 1992). That is what is at issue here. "RICO targets ongoing criminal activity, rather than sporadic, isolated criminal acts." See *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1264 (11th Cir. 2004).

Plaintiff argues that he has plausibly asserted that Chain and CEL engaged in a pattern of racketeering activity with open ended continuity when he states "Grams has certainly demonstrated that the Chain's 'regular way of doing business' is to use the federal wires to defraud others, and then to steal from them." (Doc. 116, p. 5). This statement is not supported by Plaintiff's Complaint, which alleges only that these Defendants attempted to steal from Plaintiff, all of which stemmed from the marketing, brokering, and/or use of a single product, WAO2.

Plaintiff has not plead an open-ended continuity because he has not plead the threat of ongoing criminal behavior. See *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 240, 109 S. Ct. 2893, 106 L. Ed. 2d 195 (1989).

Finally, Plaintiff argues that Grams has alleged sufficient facts to make it plausible that Chain and CEL formed an enterprise that Cevon joined, even without Treis's involvement. This makes no sense, as the other members of Cevon were members of Treis, who, incidentally, Plaintiff pleads had competing interests with the Chain Defendants and were never operating as a cohesive group. *See Pahmer v. Greenberg*, 926 F. Supp. 287, 300 (E.D.N.Y. 1996).

**C.**     **Plaintiff Has Failed to Plead a Viable Claim for Unjust Enrichment (Count 6)**

Plaintiff's claim against these Defendants for Unjust Enrichment seeks compensation for labor performed. (Chain, CEL . . . received hundreds of hours of Plaintiff's work without compensating him for same. Doc. 52, ¶ 410). Plaintiff's Complaint clearly indicates that there was no expectation of these Defendants compensating Plaintiff for his labor. Compensation was alleged to occur through the Dev Fee and/or the brokering of WAO2. As plead, Plaintiff is not claiming unpaid Dev Fees are how these Defendants were unjustly enriched; he's claiming unjust enrichment via labor. Plaintiff must have a "reasonable expectation of compensation" in order to have a viable claim for unjust enrichment and that is missing here. *Matador Holdings, Inc. v. HoPo Realty Invs., LLC*, 77 So.3d 139, 145 (Ala. 2011).

**D.**     **Plaintiff lacks standing to sue for fraudulent misrepresentations to others (Count 9)**

Plaintiff cites to *Ex parte DaimlerChrysler Corp.*, 952 So.2d 1082 (Ala. 2006) for the proposition that a third party can bring a claim for fraudulent misrepresentation even though the misrepresentation was not made to them. *Ex parte DaimlerChrysler Corp.* also

5

states that the third party must establish his reliance on the misrepresentation to bring such a claim. Id. at 1090-91. It defies logic that Plaintiff would rely on statements Chain made to Treis that Plaintiff insists were lies. ("Chain . . . claiming that CEL owned WAO2 . . . and Grams was an employee. Doc. 52, ¶¶ 438, 439). Without reliance on Chain's alleged misrepresentations, Plaintiff does in fact lack standing to bring suit for alleged misrepresentations Chain made to others.

### E.    **Plaintiff's Claims for Misrepresentations Made to Plaintiff Are Time Barred (Count 9)**

Plaintiff's argument regarding alleged misrepresentations to him relies on Colorado law, which is inapplicable to this case. Plaintiff cites to *Level 3 Communications, LLC v. Liebert Corp.,* 535 F.3d 1146 (10th Cir. 2008) for the proposition that "tort law recognizes a duty to correct fraudulently misleading statements by disclosing the truth." Fraudulent misrepresentation is a state-law cause of action. The state in question here is Alabama. Therefore, the law of Alabama applies to Plaintiff's claim for fraudulent misrepresentation, not the law of Colorado. *Level 3 Communications, LLC v. Liebert Corp v. Liebert Corp* involves the laws of Colorado and has no bearing on Plaintiff's claims in this case. All arguments Plaintiff makes regarding the law cited to in *Level 3 Communications, LLC v. Liebert Corp* (and Plaintiff seems to think this Colorado case gets him past any statute of limitations issues) do not apply to this case.

Plaintiff also believes "discovery is likely to yield that Chain continued to lie well into May of 2021 and beyond, throughout the Delaware lawsuit that did not even start until November of 2021." To who were these alleged lies made? Certainly not to the Plaintiff,

who was no longer working with Chain. Whatever these imagined lies might have been, it's clear that Plaintiff was not damaged by them because, as the Plaintiff himself plead, the other party to whom Chain allegedly made misrepresentations acknowledged that the Plaintiff was the owner of WAO2, not Chain, not Cevon, not Treis. So even if Chain "lied" or made misrepresentations after Plaintiff cut ties with him, Plaintiff was not relying on these "lies," at least according to what the Plaintiff claims in his complaint, and Plaintiff was not damaged by them. All of which goes back to the arguments these Defendants made above in Section D.

Finally, Alabama law is clear that the statute of limitations on fraud is tolled until the plaintiff actually discovered the fraud or discovered facts that would alert a reasonable person to the possibility of fraud. *Wheeler v. George,* 39 So. 3d 1061, 1081 (Ala. 2009); *Ex parte Am. Gen. Fin., Inc.*, 795 So. 2d 685, 689 (Ala. 2000). Plaintiff has plead that he discovered facts that alerted him to the possibility of fraud more than two years prior to the filing of his lawsuit. Therefore, his fraud claims are barred by the statute of limitations.

The Chain Defendants would also agree with Plaintiff's assertion that there is a difference between breach of contract and fraud – but there's almost no distinction between the two as plead by Plaintiff. The alleged breach referenced is that Chain did not share the Dev Fee; the fraud involves Chain lying about the Dev Fee. Essentially, Plaintiff's fraud and breach of contract claims amount to these Defendants allegedly not paying Plaintiff a fee he believes he was entitled to.

## F. Plaintiff's Alabama Trade Secrets Act Claims are Time Barred (Counts 13 and 16)

Plaintiff response to Defendants' position that Plaintiff's ATSA claims are time barred by the statute of limitations is that the analysis for the ATSA is the same as for fraud. Even if this is accurate, Plaintiff's arguments regarding fraud are flawed and rely heavily on Colorado law. Colorado law doesn't apply to Alabama's Trade Secrets Act, as already stated above.

Plaintiff appears to argue that "suspecting" Chain had misappropriated does not amount to evidence of facts that would alert a reasonable person to the possibility of fraud/misappropriation. Plaintiff was certainly on notice, by his own admission, that something was amiss, as he allegedly discovered facts that alerted him to the possibility of fraud (or in this case, misappropriation) more than two years prior to the filing of his lawsuit. See *Wheeler,* 39 So. 3d at 1081 (Ala. 2009); *Ex parte Am. Gen. Fin., Inc.*, 795 So. 2d 685, 689 (Ala. 2000).

Next, Plaintiff seems to be under the impression that future (alleged) lies by Chain, told to individuals other than the Plaintiff and possibly told within the context of a lawsuit, somehow toll the statute of limitations for his ATSA claims against these Defendants. This is assuming, of course, that Plaintiff is relying on the entirety of his statute of limitations defense on misrepresentation being applied to his ATSA misappropriation/conspiracy claims. Plaintiff cites to no legal authority in support of this position, and Defendants see no basis upon which to even transpose Plaintiffs' arguments against fraud in their entirety to Plaintiffs' argument as to why the ATSA claims should survive the statute of limitations.

Of course, Plaintiff's claims for misappropriation pursuant to Alabama's Trade Secrets Act also fail for the same reason that Plaintiff's other misappropriation claims fail. Nothing was misappropriated. The conveyance of WAO2 that occurred was authorized by Plaintiff, there was no sale of WAO2, these Defendants did not steal WAO2, and Treis acknowledged Plaintiff as the owner of WAO2 after these Defendants were no longer working with Plaintiff or Treis.

### G. Plaintiff Has Not Plead Viable Claims for Work and Labor Done (Count 17) and Quantum Meruit (Count 18)

Plaintiff gets hung up on semantics in responding to Defendants' Motion to Dismiss the Work and Labor Done claim and fails to make a convincing argument in support of this claim surviving a motion to dismiss. He tries to explain the difference between "working on" and "optimizing" WAO2. The Chain Defendants see no meaningful distinction between either terminology; the point remains that the work Plaintiff performed for *anyone* was for the Plaintiff's own benefit. Nothing about Plaintiff's pleading indicates that Plaintiff saw himself as performing labor for the Chain Defendants. His claim that only the Defendants benefited from optimizing WAO2 to work in Treis's machines defies logic when he stands to benefit monetarily when WAO2 is "optimized" because, theoretically, he would receive a higher Dev Fee and he could, theoretically, sell WAO2 for a higher dollar amount. He himself is the one who has alleged that WAO2 is a valuable trade secret.

Plaintiff next relies on an allegation made by Treis in the Delaware lawsuit as some sort of defense to these Defendants' motion to dismiss the work and labor done and quantum meruit counts ("Treis claims that Chain presented Grams as an employee of

9

Cevon."). This Court does not have to accept an allegation made by a different party in a different lawsuit in a different court as being true at the motion to dismiss stage of this lawsuit. For one thing, Plaintiff fails to state whether the Chain defendants denied that statement, and for another, Plaintiff fails to state whether there was a legal determination as to the truthfulness, or lack thereof, of that allegation. More importantly, though, is the statement itself. Plaintiff claims (based on an allegation made by Treis) that Chain represented to a third party that Plaintiff was Chain's employee – something Plaintiff himself denies. Doc. 52, ¶ 67. Plaintiff now argues that he should be compensated like an employee because of an allegedly false representation that Plaintiff himself never relied upon, apparently was not aware of, and outright denies the truthfulness of.

Finally, Plaintiff appears to claim that because he does not know how Chain will respond to his breach of contract claim he is entitled to state alternative causes of action such as Work and Labor Done and Quantum Meruit. Plaintiff is certainly entitled to plead whatever he wants to plead, but Defendants do not see how this statement in and of itself makes either of these causes of action viable or is even responsive to Defendants' motion to dismiss.

Ultimately, Plaintiff's claims for Quantum Meruit and Work and Labor Done are the same as Plaintiff's claim for Unjust Enrichment. He claims to have expected compensation from these Defendants for his labor, when the facts, as plead by Plaintiff, indicate that is not what his expectations were. He expected to receive payment through the monetization of WAO2. Plaintiff did not expect compensation for his labor. Reasonable expectation of compensation is an essential element of quantum meruit. *Mantiply v.*

*Mantiply*, 951 So.2d 638, 656; 2006 Ala. LEXIS 96, \*\*41 (Ala. 2006) (citing *Utah Foam Prods., Inc. v. Polytec, Inc.,* 584 So.2d 1345 (Ala. 1991)). That expectation did not exist here.

## CONCLUSION

For the reasons set forth above, as well as those previously asserted by Defendants in their Motions to Dismiss, Chain and CEL respectfully request the Court dismiss Counts 1, 5, 6, 9, 13, 16, 17, and 18 for failure to state a claim under Rule 12(b)(6).

Respectfully submitted,

*/s/ Clifton E. Slaten*
**CLIFTON E. SLATEN (ASB-4091-N73C)
ATTORNEY FOR CHAIN ENTERPRISES, LLC and JOHN CHAIN**

**OF COUNSEL:
SLATEN LAW, P.C.
7027 Halcyon Park Drive**
Montgomery, Alabama  36117
(334) 396-8882 Telephone
(334) 398-8880 Facsimile
cslaten@slatenlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of August, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to the following:

Jonathan K. Corley
WHITTELSEY & CORLEY, LLC
PO Box 106
Opelika, AL 36803-0106
jcorley@wwp-law.com

Joshua J. Jackson
SAMFORD & DENSON, LLP
P.O. Box 2345
Opelika, AL 36803-2345
Telephone (334) 745-3504
Email: jackson@samfordlaw.com

Carissa V. Sears
The Sears Law Office, LLC
7887 E. Belleview Ave. Suite 1100
Greenwood Village, CO 80111
carissa@searslaw.org

Hunter S. Freeman
KIM LAHEY &
KILLOUGH LAW FIRM
3620 Pelham Road, PMB #213
Greenville, SC 29615
Phone: (864) 973-6688
hfreeman@kimandlahey.com

*/s/ Clifton E. Slaten*
**Of Counsel**